UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON RICHER,<br>      *Plaintiff*<br><br>v.<br><br>JASON PARMELEE, as the Finance Director of THE TOWN NORTH SMITHFIELD, TOWN OF NORTH SMITHFIELD, and STEVEN E. REYNOLDS, in his official capacity as Chief of the NORTH SMITHFIELD POLICE DEPARTMENT,<br>      *Defendants* | C.A. No.  15-162 |

### DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

Now come the defendants, Jason Parmelee, as Finance Director of the Town of North Smithfield, Town of North Smithfield, and Steven E. Reynolds, in his official capacity as Chief of the North Smithfield Police Department, and hereby answer the plaintiff's verified complaint as follows:

1. Defendants do not have sufficient knowledge to admit or deny the allegations contained in Paragraph No. 1 of that portion of the plaintiff's verified complaint entitled "Parties" and leave plaintiff to his proof of same.

2. Defendants admit that the town is chartered and that Defendant Reynolds is the Chief of Police for the North Smithfield Police Department, but deny, based on vagueness and generalness, the remaining allegations contained in Paragraph No. 2 of that portion of the plaintiff's verified complaint entitled "Parties".

3. Defendants admit the allegations contained in Paragraph No. 3 of that portion of the plaintiff's verified complaint entitled "Parties".

4. Defendants admit the allegations contained in Paragraph Nos. 4 and 5 of that portion of the plaintiff's verified complaint entitled "Jurisdiction and Venue".

5. Defendants admit the allegations contained in Paragraph Nos. 6, 8, 10, 11, 14, 15, 16 and 28 of that portion of the plaintiff's verified complaint entitled "Statement of Facts".

6. Defendants deny the allegations contained in Paragraph No. 7 of that portion of the plaintiff's complaint entitled "Statement of Facts", as to the vagueness and generalness of said allegations regarding the right to bear arms.

7. Defendants are unable to admit or deny the allegations contained in Paragraph No. 9 of that portion of the plaintiff's verified complaint entitled "Statement of facts" and leave plaintiff to his proof of same.

8. Defendants deny the allegations contained in Paragraph Nos. 12, 13, 18, 22, 23, 30, 31, 32, 33, 34, 35 and 36 of that portion of the plaintiff's verified complaint entitled "Statement of facts".

9. Defendants admit that the plaintiff was not charged with a criminal offense for his conduct on September 28, 2008, but defendants are unable to admit or deny that he has never been charged with a crime as alleged in Paragraph No. 17 of that portion of the plaintiff's verified complaint entitled "Statement of Facts".

10. Defendants deny the allegations contained in Paragraph Nos. 19, 20, 21 and 29 of that portion of the plaintiff's verified complaint entitled "Statement of Facts" in that the letters referenced in said paragraphs speak for themselves.

11. Defendants deny the allegations contained in Paragraph Nos. 24, 25, 26 and 27 of that portion of the plaintiff's complaint entitled "Statement of Facts" as to the context of said paragraphs.

12. In response to Paragraph No. 37 of the plaintiff's verified complaint, these defendants reassert their responses to the allegations contained in Paragraph Nos. 1-34 of the plaintiff's verified complaint.

13. Defendants deny the allegations contained in Paragraph Nos. 38 and 39 of Count I of the plaintiff's verified complaint.

14. In response to Paragraph No. 40 of the plaintiff's verified complaint, these defendants reassert their responses to the allegations contained in Paragraph Nos. 1-37 of the plaintiff's verified complaint.

15. Defendants deny the allegations contained in Paragraph No. 41 of Count II of the plaintiff's verified complaint.

16. In response to Paragraph No. 42 of the plaintiff's verified complaint, these defendants reassert their responses to the allegations contained in Paragraph Nos. 1-39 of the plaintiff's verified complaint.

17. Defendants deny the allegations contained in Paragraph No. 43 of Count III of the plaintiff's verified complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

These defendants plead the public duty doctrine as a bar to the within complaint.

## FOURTH AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable in this matter.

**<u>These defendants hereby demand a jury trial.</u>**

                                           Defendants,
                                           By their attorneys,

                                           */s/ Marc DeSisto*
                                           Marc DeSisto, Esq. (#2757)
                                           DESISTO LAW
                                           211 Angell Street
                                           Providence, RI 02906
                                           (401) 272-4442
                                           (401) 272-9937 fax
                                           marc@desistolaw.com

and

                                           */s/David Igliozzi*
                                           David Igliozzi, Esq. # 3398
                                           Town Solicitor
                                           Town of North Smithfield
                                           Igliozzi & Reis, LLP
                                           926 Park Ave.
                                           Cranston, RI 02910
                                           (401) 781-1100
                                           (401) 781-7887 – Fax
                                           david@igliozzireis.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that the within document has been electronically filed with the Court on this 11th day of May, 2015, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

Thomas W. Lyons, Esq.
tlyons@straussfactor.com

Rhiannon S. Huffman, Esq.
rhuffman@straussfactor.com

                                        */s/ Marc DeSisto*
                                        Marc DeSisto