# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON A. RICHER,
    Plaintiff

v.                                                    C.A. No. 15-162-L-PAS

JASON PARMELEE, as the Finance
Director of THE TOWN OF NORTH
SMITHFIELD, TOWN OF NORTH
SMITHFIELD and STEVEN E.
REYNOLDS in his official capacity
as Chief of the NORTH SMITHFIELD
POLICE DEPARTMENT,
    Defendants

## AFFIDAVIT

I, Tim Lafferty, after having been duly sworn, upon oath, depose and state as follows:

1. I have been a member of the North Smithfield Police Department for 18 years.

2. My current rank is Captain and I serve as the Executive Officer for the Department.

3. As Captain and Executive Officer, my general responsibilities include being second in command of the North Smithfield Police Department. In addition to the responsibilities attendant to being second-in-command, my responsibilities include, but are not limited to, being the officer in command of the Property/Evidence and Records divisions, Professional Standards, the Bureau of Criminal Investigation, and the Firearms, Prosecution and Detectives' divisions.

4. My first contact with Mr. Jason Richer concerning this matter was on or about July 24, 2013. At that time, my rank was Captain and Executive Officer for the Department.

5. At some point soon after Mr. Richer gave me a copy of the November 24, 2008, letter from John Murphy of Plaza Psychology & Psychiatry Inc., I attempted to contact Mr. Murphy to confirm the contents of the letter. I contacted Plaza Psychology & Psychiatry; however, Mr. Murphy was no longer employed by Plaza Psychology & Psychiatry. I contacted Mr. Richer to determine if he had the any other contact information for Mr. Murphy but Mr. Richer indicated that he did not.

6. During my meeting with Mr. Richer, on or about July 24, 2013, Mr. Richer did not present me with a newspaper clipping regarding Robert Machado v. City of Cranston. Mr. Richer did, however, show me a copy of the article on his cell phone.

7. In my capacity as a North Smithfield Police Officer for 18 years, and my capacity as Captain and Executive Officer of the North Smithfield Police Department, I am knowledgeable regarding the customs, policies, and practices of the North Smithfield Police Department.

8. The North Smithfield Police Department does not have a custom, policy, or practice of requiring lawful weapon's owners to engage in formal litigation to recover their seized property.

9. I have attached to this affidavit, as Exhibit 1, a true and accurate copy of the September 19, 2008, Incident Report concerning Plaintiff.

_____
Tim Lafferty

*Subscribed and sworn to before me on this* 30th *day of September 2015.*

_____
Notary Public
State of Rhode Island
My Commission Expires 3/3/19

# EXHIBIT 1


Incident #: 08-923-OF
Call #: 08-7394

Date/Time Reported: 09/19/2008 1646
Report Date/Time: 09/19/2008 1737
Status: No Crime Involved

Involves: Domestic Violence
Reporting Officer: SERGEANT MARK BERGERON
Assisting Officer: DETECTIVE LIEUTENANT STEPHEN RICCITELLI
Approving Officer: DETECTIVE LIEUTENANT STEPHEN RICCITELLI

Signature: _____

Signature: _____

### # EVENTS(S)

LOCATION TYPE: Residence/Home/Apt./Condo    Zone: LAKE BELAIR
7 MATTITY RD
NORTH SMITHFIELD RI 02896

1  VERBAL DOMESTIC

### # PERSON(S)                    PERSON TYPE      SEX  RACE  AGE  SSN  PHONE

1  RICHER, TRACY L                 PARTICIPANT      F    W     42

   DOB:
   CONTACT INFORMATION:
   Home Phone          (Primary)

2  RICHER, JASON A                 PARTICIPANT      M    W     44

   DOB:
   CONTACT INFORMATION:
   Home Phone          (Primary)

On the reported date and time, units responded to 7 Mattity Road for a report of a verbal domestic dispute in progress. Upon my arrival, Lt. Riccitelli was already speaking with the male party involved, Jason Richer. I made my way to an office in the back of the garage and spoke with Jason's wife Tracy. Jason and Tracy have been married for 24 years and have three children in common.

Tracy informed me that her and Jason are in the process of getting divorced. She also stated that Jason believes that she is having an affair with her boss from work. While the two of them were at home prior to the incident, Tracy stated that she locked the home computer because she did not want Jason to send any emails to her boss. She stated that when Jason found out about the computer he became very upset and stated that he was going to call her boss on the phone. Tracy then grabbed the antenna for the phone to try and stop Jason from using the phone. Tracy told me that Jason then said that he was going to call 911 and she walked away.

Jason also stated that the two of them are in the process of going through a divorce. He stated to me that he believes that Tracy is having an affair with her boss. He stated that he attempted to get onto the computer and discovered that it was locked with a password. An argument then ensued between the two parties which was verbal only. Jason stated that Tracy never took the phone out of his hand when he was calling 911. He stated that he called and hung up. The 911 operator then called him back and spoke with him dispatching units.

The children were not on scene at the time of the incident or during the investigation. A DVSA form was completed. I did speak with both parties to see if one of them would be willing to spend the night at another residence for a cooling off period. Both parties denied and stated that they have separate bedrooms in the house.

_____
Ptlm. Bergeron #13