UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON RICHER,<br>   *Plaintiff*<br><br>v.<br><br>JASON PARMELEE, as the Finance Director of THE TOWN NORTH SMITHFIELD, TOWN OF NORTH SMITHFIELD, and STEVEN E. REYNOLDS, in his official capacity as Chief of the NORTH SMITHFIELD POLICE DEPARTMENT,<br>   *Defendants* | C.A. No. 15-162 |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT**

Now come the defendants, Jason Parmelee, as Finance Director of the Town of North Smithfield, Town of North Smithfield, and Steven E. Reynolds, in his official capacity as Chief of the North Smithfield Police Department, and hereby answer the plaintiff's amended verified complaint as follows:

1. Defendants admit the allegations contained in Paragraph Nos. 1 and 3 of that portion of the plaintiff's amended verified complaint entitled "Parties".

2. Defendants admit the allegations regarding the existence of the Town, and that Stephen Reynolds is the chief of police, but deny that there are customs, practices and policies at issue in this lawsuit as alleged in Paragraph No. 2 of that portion of the plaintiff's amended verified complaint entitled "Parties".

3. Defendants admit the allegations contained in Paragraph Nos. 4 and 5 of that portion of the plaintiff's amended verified complaint entitled "Jurisdiction and Venue".

4. Defendants admit the allegations contained in Paragraph Nos. 6, 8, 10, 11, 12, 13, 16, 17, 18, 19, 20, 22, 27, 29, 30, 31, 32 and 33 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts".

5. Defendants deny the allegations contained in Paragraph Nos. 7, 14, 15, 24, 34, 36, 37, 38, 39, 40, 41 and 42 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts".

6. Defendants admit all of the allegations contained in Paragraph No. 9 of that portion of the plaintiff's amended verified complaint entitled "Statement of facts", except, the last sentence in said paragraph, as defendants are without sufficient knowledge as to the training the plaintiff received.

7. Defendants admit that the items referred to in Paragraph No. 21 were held in custody at the North Smithfield Police Department as alleged in Paragraph No. 21 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts".

8. Defendants admit the allegations contained in Paragraph No. 23 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts" in regard to plaintiff's weapons.

9. Defendants admit that the allegations contained in Paragraph No. 25 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts", only in so far as having received Exhibit B.

10. Defendants admit the allegations contained in Paragraph No. 26 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts", only in so far as defendants are in possession of a letter purportedly signed by Ms. Richer.

11. Defendants admit that plaintiff did not receive a specific response to the referred to letter in Paragraph No. 28 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts".

12. Defendants admit that Chief Reynolds received plaintiff's Exhibit F, as alleged in Paragraph No. 35 of that portion of the plaintiff's amended verified complaint entitled "Statement of Facts".

13. In response to Paragraph No. 43 of the plaintiff's amended verified complaint, these defendants reassert their responses to the allegations contained in Paragraph Nos. 1-42 of the plaintiff's amended verified complaint.

14. Defendants deny the allegations contained in Paragraph Nos. 44 and 45 of Count I of the plaintiff's amended verified complaint.

15. In response to Paragraph No. 46 of the plaintiff's amended verified complaint, these defendants reassert their responses to the allegations contained in Paragraph Nos. 1-45 of the plaintiff's amended verified complaint.

16. Defendants deny the allegations contained in Paragraph Nos. 47 and 48 of Count II of the plaintiff's amended verified complaint.

17. In response to Paragraph No. 49 of the plaintiff's amended verified complaint, these defendants reassert their responses to the allegations contained in Paragraph Nos. 1-48 of the plaintiff's amended verified complaint.

18. Defendants deny the allegations contained in Paragraph No. 50 of Count III of the plaintiff's amended verified complaint.

19. In response to Paragraph No. 51 of the plaintiff's amended verified complaint, these defendants reassert their responses to the allegations contained in Paragraph Nos. 1-50 of the plaintiff's amended verified complaint.

20. Defendants deny the allegations contained in Paragraph No. 52 of Count IV of the plaintiff's amended verified complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within amended verified complaint.

### SECOND AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within amended verified complaint.

### THIRD AFFIRMATIVE DEFENSE

These defendants plead laches as a bar to the within amended verified complaint.

### FOURTH AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable in this matter.

### FIFTH AFFIRMATIVE DEFENSE

These defendants plead the statute of limitations as a bar and restriction to the within amended verified complaint.

**These defendants hereby demand a jury trial.**

                    Defendants,
                    By their attorneys,

                    */s/ Marc DeSisto*
                    Marc DeSisto, Esq. (#2757)
                    DESISTO LAW
                    211 Angell Street
                    Providence, RI 02906
                    (401) 272-4442
                    (401) 272-9937 fax
                    marc@desistolaw.com

and

                    */s/David Igliozzi*
                    David Igliozzi, Esq. # 3398
                    Town Solicitor
                    Town of North Smithfield
                    Igliozzi & Reis, LLP
                    926 Park Ave.
                    Cranston, RI 02910
                    (401) 781-1100
                    (401) 781-7887 – Fax
                    david@igliozzireis.com

## CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 1st day of October, 2015, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

Thomas W. Lyons, Esq.
tlyons@straussfactor.com

Rhiannon S. Huffman, Esq.
rhuffman@straussfactor.com

                    */s/ Marc DeSisto*
                    Marc DeSisto