UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON A. RICHER,
    Plaintiff

v.

JASON PARMELEE as the Finance Director of
THE TOWN OF NORTH SMITHFIELD,
TOWN OF NORTH SMITHFIELD, and
STEVEN E. REYNOLDS in his official
capacity as Chief of the NORTH SMITHFIELD
POLICE DEPARTMENT
    Defendants

C.A. No. 15-162-L-PAS

PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANTS

Pursuant to F.R.Civ.P. 26 and 36, Plaintiff hereby propounds the following requests for admission to Defendants for responses within thirty (30) days:

DEFINITIONS

A. As used herein, "custom" shall mean an ordinary or usual way of doing a thing or a habit, regardless of whether it is in writing.

B. As used herein, "firearms" shall mean instruments used in the propulsion of shot, shell or bullet by the action of gunpowder exploded within them.

C. As used herein, "policy" shall mean the general principles by which a government is guided in its management of public affairs, regardless of whether it is in writing.

D. As used herein, "practice" shall mean a repeated action or a succession of acts of similar kind, regardless of whether it is in writing.

E. As used herein, "safekeeping" shall mean either Defendants' use of that word to explain the seizure of firearms, or the seizure of firearms to protect persons from harm from those firearms even when the person from whom the firearms were seized was not charged with

1

a crime, not under guardianship, not mentally incompetent, and/or not under treatment or confinement as a drug addict.

## REQUESTS FOR ADMISSION

1. Defendants have seized the firearms of persons other than Plaintiff (hereinafter "other persons").

2. Defendants have seized the firearms of other persons for safekeeping.

3. Defendants have required other persons whose firearms were seized for safekeeping to obtain a court order for the release of those firearms.

4. Defendants have seized the firearms of other persons who were not charged with a crime.

5. Defendants have required other persons who were not charged with a crime but whose firearms were seized to obtain a court order for the release of those firearms.

6. Defendants have seized the firearms of other persons who were not under guardianship.

7. Defendants have seized the firearms of other persons who were not determined to be mentally incompetent.

8. Defendants have seized the firearms of other persons who were not under treatment or confinement as drug addicts.

9. Defendants have seized the firearms of other persons who were not charged with a crime, nor under guardianship, nor determined to be mentally incompetent, nor under treatment or confinement as drug addicts.

10. The firearms of these other persons as set forth in the prior request were all seized for safekeeping.

11. Defendants have required all other persons whose firearms were seized for safekeeping to obtain a court order for the release of those firearms.

12. Defendants have required most other persons whose firearms were seized for safekeeping to obtain a court order for the release of those firearms.

13. Defendants have a policy of requiring persons whose firearms are seized for safekeeping to obtain a court order for the release of those firearms.

14. Defendants have a policy of requiring persons whose firearms are seized but who are not charged with a crime to obtain a court order for the release of those firearms.

15. Defendants have a custom of requiring persons whose firearms are seized for safekeeping to obtain a court order for the release of those firearms.

16. Defendants have a custom of requiring persons whose firearms are seized but who are not charged with a crime to obtain a court order for the release of those firearms.

17. Defendants have a practice of requiring persons whose firearms are seized for safekeeping to obtain a court order for the release of those firearms.

18. Defendants have a practice of requiring persons who firearms are seized but who are not charged with a crime to obtain a court order for the release of those firearms.

19. Defendants currently possess the firearms of other persons whose firearms were seized for safekeeping.

20. Defendants currently possess the firearms of other persons who were not charged with a crime but whose firearms were seized for safekeeping.

21. When Defendants seize firearms for safekeeping they do not provide the persons whose firearms are seized with notice before seizing the firearms.

22. When Defendants seize firearms for safekeeping they do not provide the person whose firearms are seized with an opportunity to be heard respecting the seizure or return of the firearms.

23. Defendants' policy, custom or practice of seizing firearms for safekeeping has been in effect for more than seven years.

24. Defendants' policy, custom or practice of not providing notice or an opportunity to be heard to persons whose firearms are seized for safekeeping has been in effect for more than seven years.

25. Defendants currently possess the firearms of more than ten other persons whose firearms were seized for safekeeping.

JASON RICHER
By his attorney,

_____
Thomas W. Lyons          #2946
RHODE ISLAND AFFILIATE,
AMERICAN CIVIL LIBERTIES UNION
Strauss, Factor, Laing & Lyons
One Davol Square, Suite 305
Providence, RI 02903
(401) 456-0700
tlyons@straussfactor.com

## CERTIFICATION

I hereby certify that on September 6, 2015, a copy of the foregoing was served by email on Mark DeSisto, Esq. counsel for defendants.

_____
Thomas W. Lyons

S:\TWL\ACLU\Richer\Drafts\Plaintiff's Requests for Admission.docx

4