UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON RICHER,<br>*Plaintiff*<br><br>v.<br><br>JASON PARMELEE, as the Finance Director of THE TOWN NORTH SMITHFIELD, TOWN OF NORTH SMITHFIELD, and STEVEN E. REYNOLDS, in his official capacity as Chief of the NORTH SMITHFIELD POLICE DEPARTMENT,<br>*Defendants* | C.A. No. 15-162 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANTS

1. Defendants have seized the firearms of persons other than Plaintiff (hereinafter "other persons").

   **Response: Admitted.**

2. Defendants have seized the firearms of other persons for safekeeping.

   **Response: Objection because the term "safekeeping" is ambiguous. If it is meant to mean for public safety and the safety of the owner, then it is admitted.**

3. Defendants have required other persons whose firearms were seized for safekeeping to obtain a court order for the release of those firearms.

   **Response: Objection as to the vagueness of the word "safekeeping", as set forth in Response No. 2, but, otherwise denied.**

4. Defendants have seized the firearms of other persons who were not charged with a crime.

   **Response: Objection because of the vagueness of the timing of "not being charged with a crime", but, otherwise admitted.**

5. Defendants have required other persons who were not charged with a crime but whose firearms were seized to obtain a court order for the release of those firearms.

   **Response: Denied.**

6. Defendants have seized the firearms of other persons who were not under guardianship.

   **Response: Objection, because of the vagueness of the timing of "not under guardianship", but, otherwise admitted.**

7. Defendants have seized the firearms of other persons who were not determined to be mentally incompetent.

   **Response: Objection, because of the vagueness of the timing of "not determined to be mentally incompetent", but, otherwise admitted.**

8. Defendants have seized the firearms of other persons who were not under treatment or confinement as drug addicts.

   **Response: Objection, because of the vagueness of the timing of "not under treatment or confinement as drug addicts", but, otherwise admitted.**

9. Defendants have seized the firearms of other persons who were not charged with a crime, nor under guardianship, nor determined to be mentally incompetent, nor under treatment or confinement as drug addicts.

   **Response: Admitted with the same objections regarding vagueness, as referenced above.**

10. The firearms of these other persons as set forth in the prior request were all seized for safekeeping.

    **Response: Objection as to the vague term of "safekeeping", as referenced in**

**Response No. 2, but, otherwise denied.**

11. Defendants have required all other persons whose firearms were seized for safekeeping to obtain a court order for the release of those firearms.

    **Response: Objection as to the vague term of "safekeeping", as referenced in Response No. 2, but, otherwise denied.**

12. Defendants have required most other persons whose firearms were seized for safekeeping to obtain a court order for the release of those firearms.

    **Response: Objection as to the vague term of "safekeeping", as referenced in Response No. 2, but, otherwise denied.**

13. Defendants have a policy of requiring persons whose firearms are seized for safekeeping to obtain a court order for the release of those firearms.

    **Response: Denied.**

14. Defendants have a policy of requiring persons whose firearms are seized but who are not charged with a crime to obtain a court order for the release of those firearms.

    **Response: Denied.**

15. Defendants have a custom of requiring persons whose firearms are seized for safekeeping to obtain a court order for the release of those firearms.

    **Response: Denied.**

16. Defendants have a custom of requiring persons whose firearms are seized but who are not charged with a crime to obtain a court order for the release of those firearms.

    **Response: Denied.**

17. Defendants have a practice of requiring persons whose firearms are seized for

safekeeping to obtain a court order for the release of those firearms.

**Response: Denied.**

18. Defendants have a practice of requiring persons who firearms are seized but who are not charged with a crime to obtain a court order for the release of those firearms.

**Response: Denied.**

19. Defendants currently possess the firearms of other persons whose firearms were seized for safekeeping.

**Response: Objection as to the vague term of "safekeeping", as referenced in Response No. 2, but, otherwise admitted.**

20. Defendants currently possess the firearms of other persons who were not charged with a crime but whose firearms were seized for safekeeping.

**Response: Objection as to the vague term of "safekeeping", as referenced in Response No. 2, but, otherwise admitted.**

21. When Defendants seize firearms for safekeeping they do not provide the persons whose firearms are seized with notice before seizing the firearms.

**Response: Objection. The vagueness and all-encompassing language in this admission request requires a denial.**

22. When Defendants seize firearms for safekeeping they do not provide the person whose firearms are seized with an opportunity to be heard respecting the seizure or return of the firearms.

**Response: Denied.**

23. Defendants' policy, custom or practice of seizing firearms for safekeeping has been in effect for more than seven years.

    **Response:** **Denied.**

24. Defendants' policy, custom or practice of not providing notice or an opportunity to be heard to persons whose firearms are seized for safekeeping has been in effect for more than seven years.

    **Response:** **Denied.**

25. Defendants currently possess the firearms of more than ten other persons whose firearms were seized for safekeeping.

    **Response:** **Admitted.**

                                            Defendants,
                                            By their attorney,

                                            _/s/ Marc DeSisto_
                                            Marc DeSisto, Esq. (#2757)
                                            DESISTO LAW
                                            211 Angell Street
                                            Providence, RI 02906
                                            Phone: (401) 272-4442
                                            Fax:   (401) 272-9937
                                            Email: marc@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the within was mailed, postage prepaid, on this 1st day of October, 2015, to:

Thomas W. Lyons, Esq.
Strauss, Factor, Laing & Lyons
One Davol Square, Suite 305
Providence, RI 02903

*/s/ Kim Heran*