# CHARTER OF THE TOWN OF NORTH SMITHFIELD

## Article I.  Basic Provisions

Sec. 1. Municipal body.
Sec. 2. Form of government.
Sec. 3. Local self-government.
Sec. 4. State law.
Sec. 5. Ordinance.
Sec. 6. Property.
Sec. 7. General powers.
Sec. 8. Legislative powers.
Sec. 9. Contracts with other bodies.

## Article II. Elections

Sec. 1. District.
Sec. 2. Regular, special elections; recall.
Sec. 3. Commencement of terms.
Sec. 4. Petitions.
Sec. 5. Canvassing authority certification.
Sec. 6. Ballot arrangement.
Sec. 7. Primary election procedures.
Sec. 8. Declaration of elected candidates.
Sec. 9. Miscellaneous requirements.
Sec. 10.Board of canvassers and registration.

## Article III. Financial Provisions of the Town

Sec. 1. Fiscal year.
Sec. 2. Submission of estimates.
Sec. 3. Budget committee.
Sec. 4. Budget Process and format.
Sec. 5. Submission of budget to the council.
Sec. 6. Capital budget consideration.
Sec. 7. Hearing.
Sec. 8. Final council consideration.
Sec. 9. Participation by the electorate.
Sec. 10.Special town meetings.
Sec. 11.Bond issues.

## Article IV. Town Council

Sec. 1. Number, selection, terms.
Sec. 2. Qualifications.
Sec. 3. Vacancies.

Sec. 4. Presiding officer.
Sec. 5. Compensation.
Sec. 6. Quorum.
Sec. 7. Meetings.
Sec. 8. Powers.
Sec. 9. Procedures.
Sec. 10.Audits.
Sec. 11.Probate court.

## Article V. Town Administrator

Sec. 1. Election and term.
Sec. 2. Qualifications.
Sec. 3. Compensation.
Sec. 4. Absence or disability.
Sec. 5. Vacancy.
Sec. 6. Powers and duties.

## Article VI. Town Solicitor

Sec. 1. Appointment.
Sec. 2. Qualifications.
Sec. 3. Compensation.
Sec. 4. Duties.
Sec. 5. Special powers.

## Article VI½.  School Department Solicitor

Sec. 1. Appointment
Sec. 2. Qualifications.
Sec. 3. Compensation.
Sec. 4. Duties.
Sec. 5. Special powers

## Article VII. Department of Finance

Sec. 1. Organization.
Sec. 2. Director of finance.
Sec. 2.1. Debt limitation without referendum.
Sec. 3. Competitive bidding.
Sec. 4. Tax assessors.
Sec. 5. Board of assessment review.
Sec. 6. Tax revaluation survey.

## Article VIII. The Budget

Sec. 1. Fiscal year.
Sec. 2. Budget, general.
Sec. 3. Preparation of the budget
Sec. 4. Procedure for budget committee.
Sec. 5. Budget format.
Sec. 6. Submission of budget.
Sec. 7. Certificate of detailed budget.
Sec. 8. Budget control.
Sec 9.  Budget Committee Review Required for all negotiated Union Contracts

**Article IX. Town Clerk**

Sec. 1. Selection and term.
Sec. 2. Powers and duties.
Sec. 3. Compensation.
Sec. 4. Bond.
Sec. 5. Effective date of "selection and term."

**Article X. Department of Public Works**

Sec. 1. Organization.
Sec. 2. Powers and duties.
Sec. 3. Compensation.
Sec. 4. Fees.

**Article XI. Director of Public Safety**

Sec. 1. Office.
Sec. 2. Police department.
Sec. 3. Fire department.
Sec. 4. Inspection division.

**Article XII. Planning Board**

Sec. 1. Organization.
Sec. 2. Duties.
Sec. 3. Planning, coordination.
Sec. 4. Zoning board of review.

**Article XIII. Personnel Board**

Sec. 1. Organization.
Sec. 2. Compensation.
Sec. 3. Powers and duties.

Sec. 4. Positions excepted from classified service.
Sec. 5. Present employees continued in office.
Sec. 6. Temporary appointment when no list is available.
Sec. 7. Probationary period.
Sec. 8. Emergency appointment.
Sec. 9. Services of other agencies.
Sec. 10.Removal of officers on indefinite tenure.
Sec. 11.Personnel review.
Sec. 12.Removal from office.
Sec. 13.Appointment and discharge of subordinates.
Sec. 14.Retirement of municipal employees.
Sec. 15. Non-Union Employees employed "at will"

### Article XIV. School Department

Sec. 1. Membership; term.
Sec. 2. Qualifications.
Sec. 3. Compensation.
Sec. 4. Vacancies.
Sec. 5. Powers and duties.

### Article XV. Other Offices and Commissions

Sec. 1. Town sergeant.
Sec. 2. Auctioneer.
Sec. 3. Sealer of weights and measures.
sec. 4. Emergency Management Agency.
Sec. 5. Department of public welfare.
Sec. 6. Housing authority.
Sec. 7. Free public library.
Sec 8.  Conservation commission.
Sec. 9. Economic development commission.
Sec. 10.Sewer commission.
Sec. 11.Other officers

### Article XVI. General Provisions

Sec. 1. Amending the charter
Sec. 2. Specific provisions shall prevail.
Sec. 3. Laws affecting officers.
Sec. 4. Oath of office.
Sec. 5. Officials, bonds.
Sec. 6. Publicity of records.
Sec. 6.1. Copies of public records.
Sec. 7. Separability clause.
Sec. 8. Financial interest prohibited.

Sec. 9. Codification of ordinances.
Sec. 10. Appointment and discharge of subordinates.
Sec. 11. Dual office holding.
Sec. 12. Printing of charter upon the ballot.
Sec. 13. Hours of work.
Sec. 14. Tenure of office guaranteed.
Sec. 15. Medical insurance for part-time officials or employees; funding.
Sec. 16. Salary and related benefits for part-time elected officials.
Sec. 17. Right to enact ordinances.

## Article XVII. Succession in Government

Sec. 1. Continuation of laws.
Sec. 2. Continuation of ordinances.
Sec. 3. Continuation of tax obligations.
Sec. 4. Transfer of records and property.
Sec. 5. Continuance of contracts and obligations.
Sec. 6. Pending actions and proceedings.

## Article XVIII. Inauguration of New Charter Government

Sec. 1. Effective Date.
Sec. 2. Transfer of appropriation.
Sec. 3. Ordinances to implement charter.

THE CHARTER

**PREAMBLE**

The people of the Town of North Smithfield, in order to secure the right of self-government in all local matters, pursuant to the provisions of the Constitution of the State of Rhode Island and Providence Plantations, do adopt and establish this charter.

### ARTICLE I. BASIC PROVISIONS

**Sec.  1.  Municipal body.**

The inhabitants of the Town of North Smithfield, within the corporate limits as now or hereafter established, shall continue to be a municipal body politic and corporate in perpetuity.

**Sec.  2.  Form of government.**

The form of town government provided by this charter shall be the administrator-council form of government. Subject only to the limitations imposed by the state constitution and by this charter, all powers of the town shall be vested in an elected town council which shall enact local legislation, and in an elected town administrator who shall be responsible for the execution of the laws and the administration of the town government.
(Amend. of 11-2-2010)

**Sec.  3.  Local self-government.**

The town shall have all powers of local self-government and home rule and all powers possible for a town to have under the constitution of this state, together with all the implied powers necessary to carry into execution all the powers granted. The town shall have such additional powers as now or hereafter may be granted to the town by the laws of the state. All powers of the town shall be exercised in the manner prescribed by this charter, or if not so prescribed, then in such manner as shall be provided by ordinance or resolution of the council.

**Sec.  4.  State law.**

The laws of the state not inconsistent with this charter, except those superseded by or declared inoperative by ordinance or resolution of the council, shall have the force and effect of ordinances of the town.

**Sec.  5.  Ordinance.**

In the event of conflict between any town ordinance or resolution and any law of the state, other than a law enacted in conformity with the powers reserved to the General Assembly by the constitution and except in regards to questions of health, education and police power, the provisions of the town ordinance or resolution shall prevail and control.
(Amend. of 11-4-75)

### Sec. 6.  Property.

The town may acquire property within or without its corporate limits for any municipal purpose, in fee simple or any lesser interest or estate, by purchase, gift, devise, lease or condemnation, and may sell, mortgage, hold, manage and control such property as its interest may require.

### Sec. 7.  General powers.

The town shall have and may exercise all local and municipal powers, functions, rights, privileges and immunities of every name and nature whatsoever unless otherwise prohibited by the constitution of the state or by this charter. The enumeration of particular powers by this charter shall not be deemed to be exclusive, and in addition to the powers enumerated therein or implied thereby, or appropriate to the exercise of such powers, it is intended that the town shall have and may exercise all powers which, under the constitution of the state, it would be competent for this charter specifically to enumerate.

### Sec. 8.  Legislative powers.

The town shall have power to adopt and amend local laws and ordinances relating to its property, affairs and government. The legislative powers of the town shall be vested in the town council.
(Amend. of 11-2-2010)

### Sec. 9.  Contracts with other bodies.

The town may enter into a contract or cooperative agreement with the federal government, with the state, or with any political subdivision thereof for the performance of any services and the use of any facilities.

### ARTICLE II. ELECTIONS*

### Sec. 1.  District.

The town shall consist of one district.

### Sec. 2.  Regular, special elections; recall.

(a)   A regular town election shall be held on the first Tuesday after the first Monday in November in even-numbered years.  A special election may be held at any time at the order of the town council, or as otherwise provided in this charter.

(b)  Recall.  An elected official holding a town office, having been in office for at least six (6) months, may be removed from office by a recall petition prepared and approved by the voters of the town in the manner hereinafter provided for recall procedure.

Upon application by a registered voter, the Town Clerk shall issue the recall petition blanks, which shall be dated, which shall demand the removal of the designated elected official, and which shall state the cause upon which the removal is sought.  The petition is to be filed with the Town Clerk within thirty (30) days after issuance to be in order for the certification process.

The signatures to a recall petition need not all be appended to one paper but each signer shall add the signer's signature, as it appears on the Board of Canvassers and Registration's records, and the signer's place of residence, giving the street and number or other sufficient designation if there be no street and number.  One of the signers shall take an oath before an officer competent to administer oaths that the statement therein made is true, as the signer believes, and that each signature to the paper appended is the genuine signature of the person whose name it purports to be.

The recall petition, as it pertains to a town-wide office holder, shall be signed by at least thirty (30) percent of the registered voters of the town for certification purposes.

The petition is to be submitted by the Town Clerk to the Board of Canvassers and Registration for certification forthwith.  If the petition shall be found and certified by the Board of Canvassers and Registration to be sufficient, within ten (10) days the board shall submit the same with its certificate to the Town Council without delay; the Town Council shall order an election to be held on a Tuesday fixed by it not more than seventy-five (75) days after the date of the Board of Canvassers and Registration's certificate that a sufficient petition is filed.  However, if any other town election is to occur within one hundred twenty (120) days after the date of the certificate, the Town Council shall postpone the holding of the recall election to the date of such other election.

(Amend. of 11-4-2014)

**\*State law reference**—Opening and closing times of polls, G.L. 1956, §§ 17-18-10, **17-18-11.**

## Sec.  3.  Commencement of terms.

The term of office of all town officers elected by the people at a regular municipal election shall date from 8:00 p.m. local time, on the first day of December in the year of their election.  The term of office of all town officers elected by the people at a special municipal election shall date from the tenth day following the election.

## Sec.  4.  Petitions.

Each candidate for elective office in the town shall be a qualified elector of the town.

Candidates for election may be nominated by petition signed by not less than 50 qualified electors of the town.

Petitions for the nomination of candidates shall be filed with the canvassing authority of the town at such times and upon such forms as shall comply with state law. Said information shall be available at the town clerk's office.

Each nominating petition shall state the name of the office and set forth the name and place of residence of the candidate thereby nominated. Declarations of candidacy must be filed with the canvassing authority at such time or times set forth in state law and by the Rhode Island Secretary of State.

Every voter signing a nominating petition shall indicate thereon his place of residence and street number, if any. No voter shall sign petitions for more candidates than shall be allowed by state law and, should he do so, his signature shall be counted only upon the first petition or petitions filed and shall be void upon all other petitions.

Before a nominating petition may be filed with the canvassing authority there shall be filed with said canvassing authority an acceptance of the nomination in writing, signed by the candidate, which shall certify that the nominee consents to stand as a candidate and that if elected he agrees to take office and serve.

Each nominating petition shall be verified by an oath or affirmation of one or more of the persons circulating the petition, taken and subscribed before a person qualified to administer an oath, to the effect that the petition was signed by each of the signers thereof in the handwriting of the signer.

(Amend. of 11-2-2010)

## Sec. 5. Canvassing authority certification.

Upon receiving a nominating petition and statement of acceptance of any candidate, the canvassing authority of the town shall then certify to the validity of any petition having a sufficient number of proper signatures. The canvassing authority shall certify a list of candidates and shall cause to be published in one or more newspapers having a general circulation in the town the names and addresses of the candidates who have duly filed valid nominating petitions and acceptances.

## Sec. 6. Ballot arrangement.

The ballot for town elections shall contain the names of the candidates arranged by the offices to be voted for and listed alphabetically under the title of the office. No name or designation shall appear upon the ballot other than the name and address of each candidate.

## Sec. 7. Primary election procedures.

A primary election to determine the candidates to be voted upon at the subsequent town election, whether regular or special, shall be held in accordance with state law.

At the primary election the number of candidates equal to twice the number of places to be filled at the regular or special town election who shall receive the greatest number of votes shall be declared nominated as candidates for office.

An additional candidate or candidates beyond the limitation imposed by this section 7 of this charter shall be declared nominated at the primary election whenever a candidate receiving the least number of votes qualifying him as a candidate for office shall receive the same number of votes as another candidate or candidates. In such event all candidates receiving the same number of votes shall be declared nominated.

If the number of candidates certified for any elective office does not exceed twice the number of places to be filled at the election, then no primary election shall be held for such office.

(Amend. of 11-2-2010)

**Sec.  8.  Declaration of elected candidates.**

At any town election other than a primary election, the person or persons receiving the greatest number of votes for an office, not exceeding the number of persons to be chosen, shall be declared elected to the office.

The votes shall be counted and the result of the election declared by the canvassing authority of the town in the manner provided for other elections.

**Sec.  9.  Miscellaneous requirements.**

The council by ordinance shall provide for nominations, primaries and elections for town offices or for questions on local matters, except as otherwise required by this charter.

The residents of the town having the qualifications of electors in the state shall be electors of the town.

 No person may be a candidate for more than one elective office at any one town election.

**Sec.  10.  Board of canvassers and registration.**

There shall be a bipartisan canvassing authority elected by the town council as provided by the constitution and laws of the state. Said canvassing authority shall be known as the board of canvassers and registration and shall be vested with all the powers and duties now or hereafter vested by law in the canvassing authority or board of registration of the town. All members of said authority or board now in office shall continue in said positions as members thereof until the expiration of the term for which they were chosen.

**\*State law references**—For such powers and duties, see G.L. 1956, § 17-8-5; violation by board, statutory penalty, § 17-8-8.

## ARTICLE III. FINANCIAL PROVISIONS OF THE TOWN\*

### Sec.  1.  Fiscal year.

The fiscal year of the town government shall begin on the first day of July of each calendar year and shall end on the last day of June of each following calendar year.
(Amend. of 11-7-89, § 2; Amend. of 11-2-2010)

### Sec.  2.  Submission of estimates.

No later than the first Monday in February  of each fiscal year, operating budget requests shall be submitted to the Town Administrator by the head of each department, board or other agency whose activities are to be supported in whole or in part by town funds during the next fiscal year in accordance with Article VIII of this charter.
(Amend. of 11-7-89, § 2; Amend. of 11-2-93; Amend. of 11-2-2010; Amend. of 11-4-2014)

### Sec.  3.  Budget committee.

There shall be a budget committee consisting of five (5) members.  Each member of the town council shall initially appoint one (1) member of the committee pursuant to an appointment procedure establishing three (3) year staggered terms. Said initial appointments shall be effective from 8:00 p.m. local time on the first day of December immediately following the adoption of the amendment to this Section 3 of this charter, and shall be for one (1) member having a one (1) year term, two members having a two (2) year term, and two members having a three (3) year term. Thereafter each successor to any member's expiring term shall be appointed by the majority vote of the town council for a three (3) year term.  A member shall be a person who is a qualified voter of the Town of North Smithfield and shall serve without compensation, but an appropriation for the committee's actual expenses may be made. In the case of a vacancy on the committee after the appointment of its members, such vacancy or vacancies shall be filled by the majority vote of the town council.  The committee shall hold a regular quarterly meeting and such other meetings as it shall deem necessary to accomplish its purposes.
(Amend. of 11-7-89, § 2; Amend. of 11-2-2010)

**\*Editor's note**—Section 1 of Charter Amendment of Nov. 7, 1989, repealed former Art. III, Town Meeting, §§ 1—10, as amended by Charter Amendments of Nov. 4, 1975, and Nov. 3, 1987; and § 2 of Charter Amendment of Nov. 7, 1989, added a new Art. III, §§ 1—11, to read as herein set out.

### Sec.  4.  Budget process and format.

The budget shall be prepared in accordance with the provisions of Article VIII of the home rule charter.
(Amend. of 11-7-89, § 2)

**Sec. 5.  Submission of budget to the council.**

   No later than the first  Monday in June  of each year, the budget committee shall cause copies of the budget recommendations to be delivered to each member of the town council and shall file one copy with the town clerk to be available for public inspection. Recommendations shall include an estimate of funds on hand and obligations pending as of the beginning of the new fiscal year, estimates of revenue anticipated together with its revenue and tax proposals, recommended expenditures divided into an operating budget and capital budget and such supporting explanations and information as it may deem appropriate or the council shall have requested. In preparing the budget, the budget committee shall have the authority in consultation with the town administrator to alter the estimates submitted as it shall see fit. (Amend. of 11-7-89, § 2; Amend. of 11-2-93; Amend. of 11-2-2010; Amend. of 11-4-2014)

**Sec. 6.  Capital budget consideration.**

   All capital budget requests shall be submitted to the planning board by the second Monday in January. The planning board (or the town planner as its designee) shall make its recommendation to the budget committee by March 1.

   (Amend. of 11-7-89, § 2; Amend. of 11-2-93; Amend. of 11-2-2010)

**Sec. 7.  Hearing.**

   The council shall schedule a public hearing on the budget prior to adopting the budget. (Amend. of 11-7-89, § 2; Amend. of 11-2-93)

**Sec. 8.  Final council consideration.**

   (a) Upon completion of the public hearing, the council shall take the results thereof under consideration and shall make changes in the budget as it may feel appropriate. Final adoption of the budget shall be voted no later than June 30, or as otherwise extended by state law. Certification of the budget shall be in accordance with Article VIII of the home rule charter. (Amend. of 11-2-2010)

   (b) The town council shall have and exercise the powers vested in the town to raise by a tax upon real and personal estates such sums of money as may be required to pay town debts and to defray the necessary charges and expenses of the town, and it also may assess, levy or impose any other taxes for the support of the town which may legally be assessed, levied or imposed.

   (c) The town council may at a regular or special meeting authorize the hiring, pursuant to statutes now or hereafter in effect, of money in each financial year in anticipation of the receipt of the proceeds of the annual tax due or to become due in said financial year upon the ratable property in town. Tax anticipation notes shall be repaid within the taxable year for which they are borrowed.

(Amend. of 11-7-89, § 2; Amend. of 11-2-93)

## Sec. 9.  Participation by the electorate.

Any qualified elector of the town may circulate a petition for the holding of a special town meeting (as set forth in Article III, Section 10 of the home rule charter) to reconsider items for expenditure in either the operating budget or the capital budget as finally approved by the council or to consider the insertion of a new item or items in the capital budget. Regarding the school budget, only the total sum appropriated for school purposes shall constitute an item subject to petition in this manner. Such petition shall be upon forms prepared and provided by the town clerk and shall enumerate the specific item or items to be reconsidered, the amount of the increase or decrease proposed or the new item proposed for insertion and its amount. All such petitions for the calling of a special town meeting must be filed with the board of canvassers no later than one week following the adoption of the final budget as provided in section 8 above.
(Amend. of 11-7-89, § 2; Amend. of 11-2-93)

## Sec. 10.  Special town meetings.

(a) The board of canvassers shall approve any such petition for the calling of a special town meeting if it bears valid signatures of at least 500 qualified electors of the town. Upon the approval of any such petition or petitions, the board shall notify the town clerk to call a special town meeting. This notification must be made not later than two weeks following receipt of the most recently submitted of the petitions approved.

(b) The town clerk shall fix the date of such special town meeting so that it shall be held not later than two weeks following notification by the board of canvassers and shall cause notice to be given to the electors of the town in the manner prescribed by law for such meetings. The warrant shall only include the item or items and amounts enumerated in the petition or petitions requesting the meeting, and no business other than those specific items and amounts shall be in order. All items enumerated in valid petitions shall be considered at a single town meeting. The decisions of any such special town meeting respecting the item or items it was called to consider shall be final and binding on the council, the town administrator and all others concerned.

(c) At least 400 qualified electors shall be necessary to constitute a quorum at any special town meeting. All questions shall be decided by a majority of the votes of the qualified electors present.

(d) In no case may the operating budget of a department or agency be increased by a special town meeting above the total amount of said budget as submitted to the council by the budget committee.

(e) No town meetings shall be called or held except in accordance with the foregoing provisions of this article. At special town meetings held in accordance herewith, the president of

the town council shall preside. Such special town meetings shall be conducted in accordance with applicable provisions of state law not inconsistent with this charter.

(f) If no petition shall have been filed with the board of canvassers within the time limit set in section 9 hereof or if no petition so filed is approved by the board under the terms of subsection (a) of this section, the budget shall stand as adopted pursuant to section 8 hereof. (Amend. of 11-7-89, § 2)

### Sec. 11. Bond issues.

The electors of the town otherwise qualified to vote in any general or special election in the town may at a regular or special election authorize the issuance of bonds pursuant to the statutes now or hereafter in effect.
(Amend. of 11-7-89, § 2)

## ARTICLE IV. TOWN COUNCIL

### Sec. 1. Number, selection, terms.

The town council shall consist of five members elected from the town at large, each to serve for a term of two years, such term to begin on the first day of December next following their election, or until their successors are elected and qualified.

### Sec. 2. Qualifications.

Members of the town council shall be qualified electors of the Town of North Smithfield and shall hold no other public office or employment in the service of the town or an elective office in the state or federal government. Current service as notary public, justice of the peace, membership in the national guard or naval, air or military reserve shall not disqualify persons for council membership. If a member of the town council shall cease to possess any of these qualifications his office shall immediately become vacant.

### Sec. 3. Vacancies.

Any vacancy in the membership of the town council may in the discretion of said council be filled for the unexpired term, except that if a vacancy in the council shall occur more than one year prior to the time for the holding of an election, the council shall, within 30 days after the vacancy occurs call a special election for the purpose of filling such vacancy.

### Sec. 4. Presiding officer.

At its organization meeting, upon the election of a new town council, the town council shall elect one of its members as town council president. The president shall preside at meetings of the council, but he shall have no administrative duties. Such office shall not deprive the council president of his vote on any question. At said meeting the council shall elect from its members a

president pro tempore who shall perform the duties of the president in the absence or disability of the president.

### Sec. 5. Compensation.

The president of the town council and the members shall receive such annual compensation as the council shall fix by ordinance, provided that no change in compensation shall take effect until after the next biennial election and installation of the newly elected town council. (Amend. of 11-2-2010)

### Sec. 6. Quorum.

Three members of the town council shall constitute a quorum for the transaction of business, but a smaller number may adjourn from time to time. At least 48 hours notice of the holding of an adjourned meeting shall be given all members who were not present at the meeting from which the adjournment was taken.

### Sec. 7. Meetings.

The first meeting of the newly elected town council for induction into office and organization shall be held at 8:00 p.m., on the first day of December. Thereafter, the town council shall meet regularly at such time and at such place as may be prescribed by its rules but not less frequently than once each month. A special meeting of the town council shall be called by the town clerk at the request of the town council president or a majority of the members of the town council. Notice of a special meeting shall be given to each member at least 48 hours previous to the time of such meeting. The town council may meet upon shorter notice by unanimous consent of all its members which shall be entered in the record of proceedings. The purpose of a special meeting shall be stated in the notice of the meeting and no business shall be transacted at any special meeting other than that which has been stated in the notice. All meetings of the town council shall be open to the public, and citizens shall have a reasonable opportunity to be heard, except that this provision shall not be deemed to prevent the holding of executive sessions, provided that all votes are taken in public.

**State law reference-**Emergency location of town government, G.L. 1956, § 30-15.2-1.

### Sec. 8. Powers.

The town council shall be the policy-determining body of the town. All powers of the town excepting such as may belong to the town meeting or to other agencies as provided in the charter and by law shall be vested in the town council. Without limitation of the foregoing grant or of other powers given to it by this charter, the town council shall have the power:

    (1) To determine its own rules and order of business and keep a journal of its proceedings which shall be open to public inspection in the office of the town clerk;

    (2) To judge the eligibility of its own members subject to review by the courts on questions of

fact and law;

(3) To enact, amend or repeal rules, ordinances and resolutions for the government of the town which have to do with the preservation of the public peace, health, safety, welfare and comfort of the inhabitants and the protection of persons and property, and other municipal functions. The town council may provide reasonable penalties in accordance with the law for the violation of any ordinances;

(4) To create, change and abolish departments, offices and agencies other than those established by this charter and distribute the work among them, and assign additional functions or duties to departments, offices and agencies established by or under this charter, but may not discontinue or assign to any other department, office or agency, any function or duty assigned by this charter to a particular department, office or agency;

(5) To inquire into the conduct of any office or officer, department or agency of the town;

(6) To fill all vacancies in all elective or council appointive offices, boards and commissions for the remainder of the respective terms thereof except as specifically provided otherwise in this charter;

(7) To establish by ordinance the compensation that may be paid to all elective or appointive officers and employees, including board and commission members of the town and stipulate the amount in each instance, except where specifically provided otherwise in this charter;

(8) To provide by ordinance for a personnel classification system in conformity with provisions of this charter and applicable general and special laws;

(9) To act as a board of personnel review in receiving, considering and disposing of appeals from dismissals, suspensions, demotions, transfers and layoffs of appointive officers and employees of the town;

(10) To provide rules and regulations with respect to vacations of town officials and employees, except those of the school department;

(11) To fix the amount of the official bonds of all officers of the town, who in the opinion of the town council should be bonded, the premium of such bonds to be paid by the town;

(12) To approve the annual budget after a public hearing;

(13) To amend budget recommendations submitted by the budget committee;

(14) To take any action necessary to give effect to any vote of the town's electors at a regular or special election authorizing the issuance of bonds for any purpose and to complete all the details of the bond transaction;

(15) To review any special assessment upon request of a property owner and order correction or confirmation of same;

(16) To enact and amend, as prescribed by statute, the zoning ordinance;

(17) To elect such number of constables to serve civil process as it shall from time to time determine and charge and collect for licenses issued to such constables such fees as the town council shall fix by ordinance but such fees shall not be less than $5.00 nor more than $25.00;

(18) To grant, suspend or revoke licenses in accordance with law;

(19) To provide for the audit at any time of the accounts of the town or any of its departments and to provide for an annual audit as hereinafter prescribed;

(20) To enact and amend ordinances relating to the town's property, affairs and government not inconsistent with the state constitution and laws;

(21) To issue subpoenas to compel witnesses to testify and produce records as prescribed by law;

(22) To appoint committees of the council which may investigate and report on any matter referred to it and make a recommendation thereon but no committee shall have any executive or legislative powers and all matters shall be determined by the council as a whole;

(23) The Town Council shall have the authority to ratify all collective bargaining agreements negotiated for the Town, including all collective bargaining agreements under School Committee jurisdiction, after a public hearing;

(24) No department, agency, board or commission of the Town, including the School Department, shall modify the health, retirement and pension benefit programs of its employees resulting in increased costs or expenditure to the town without prior approval of the Town Council.  Approval shall be by a vote of the Town Council.  A minimum of three (3) affirmative votes is required to approve modification(s).  Modifications made by the providers of the health, retirement and pension plans do not require approval of the Town Council.

(Amend. of 11-4-75; Amend. of 11-7-89, § 3; Amend. of 11-4-2014 § 23 and 24)

**Sec. 9. Procedures.**

(1) *Ordinances:* The town council may act by rule, ordinance or resolution. In addition to the case in which an ordinance is required by any specific provision of this charter or any applicable law, any action taken under the provisions of Article IV (section 8 (3), (8), (16)) shall be by ordinance only.

(2) *Passage of ordinances:* Every proposed ordinance shall be filed with the town clerk by a member of the town council or the town administrator not later than four business days previous to the day of the meeting at which it is to be introduced. The town clerk shall forthwith provide each member of the council and the town administrator with a copy thereof and shall post one copy of such ordinance in some place accessible to the public in the Town Hall.

Every ordinance, other than an emergency ordinance, shall be read the first time by title and explained by its proponent at the meeting at which it is introduced and then referred to a subsequent regular (or special) meeting for action. If, in the meantime, a petition signed by at least 20 qualified voters be filed with the town clerk requesting a public hearing, a public hearing shall be held at the meeting next following introduction of the ordinance, and no action shall be taken on the ordinance until the conclusion of the hearing. A public hearing shall be mandatory on any ordinance amending the zoning ordinance, granting a franchise or creating or amending a personnel classification system and no such ordinance shall be passed as an emergency ordinance.

The affirmative vote of three councilmen present shall be necessary for the passage of any ordinance. The vote upon any ordinance shall be by roll call and entered on the record of proceedings. A vote by roll call shall be taken on any other matter at the request of any two members.

(3) *Publication of ordinance:* After passage there shall be published within fifteen  days in a newspaper with general circulation in the town, a notice describing the ordinance in brief and general terms and within the same period the entire ordinance shall be made available for public inspection in the office of the town clerk.

(4) *Effective date of ordinance:* Every ordinance, unless it shall specify another date, shall become effective at the expiration of 20 days after such publication following passage.

(5) *Emergency measures:* The power to declare an emergency affecting the public peace, health, safety, comfort and welfare of the inhabitants of the town and for the protection of persons and property is placed in the town administrator by this charter but the town council may by ordinance ratify the action of the administrator and/or direct him to take additional or different action in dealing with the emergency and may by resolution declare the emergency closed. Enactments by the town council dealing with an emergency or emergencies may be adopted on the day of introduction without a previous filing with the town clerk, shall contain a declaration of the existence of the emergency which declaration shall be conclusive as to the existence of such emergency, and shall take effect upon their passage.

(6) *Ordinance enacting clause:* The enacting clause of all ordinances shall be:  *"It is Ordained by the Town Council of North Smithfield, Rhode Island, as follows:"*
(Amend. of 11-4-75)


**Sec.  10.  Audits.**

(1) *Annual town audit:* The town council shall provide for an annual detailed audit of the financial records of the town for the preceding fiscal year, such audit to be made within four months after the close of such fiscal year. Such audit may be conducted either by state auditors or by a certified public accountant. Audits shall be made without competitive quotes and shall conform with the bidding practices for professional service as prescribed by this Charter and other town ordinances and standards as promulgated by the American Institute of Certified Public Accountants. A copy of the audit report for each year shall be filed with the town clerk and shall be a public record.
(Amend. of 11-2-2010)

(2) *Audits of nonbusiness corporations:* The town council shall annually request all nonbusiness corporations in the Town of North Smithfield receiving funds appropriated by the annual financial town meeting to submit to it an audit report by one or more independent certified public accountants holding a certificate from the State of Rhode Island. A copy of such audit to be placed on file in the office of the town clerk.

## Sec. 11.  Probate court.

(1) *Authority:* The powers and duties of a probate court for the town shall be exercised and performed by a judge of probate.

(2) *Appointment:* The town council by resolution shall appoint a judge of probate to serve for a term of office concurrent with that of the council and until his successor is appointed and qualified.

(3) *Qualifications:* The judge of probate shall be an attorney-at-law in good standing who has been admitted to the practice of law in this state, with preference given to a qualified elector of the town.

(4) *Acting probate judge:* In the absence, disability or disqualification of the judge of probate so that he is unable to perform his duties, the town solicitor shall serve as acting judge of probate and when so serving shall have and exercise all the powers and duties of the judge of probate; provided that, if the vacancy caused by the absence of the judge of probate is to be or has been more than 90 days, the town council by resolution shall appoint another judge of probate to fill out the unexpired term.

(5) *Clerk of probate court:* The clerk of probate court shall be the town clerk. All fees paid into the probate court shall inure to the benefit of the town and shall be paid over to the director of finance by the clerk of the probate court.

(6) *Compensation:* The town council shall determine and fix the salary of the judge of probate.

(7) *Sessions:* The sessions of the probate court shall be held at least once each month.

**ARTICLE V. TOWN ADMINISTRATOR**

**Sec. 1. Election and term.**

There shall be a full-time town administrator who shall be elected at the regular town election for a term of two years and until his successor is elected and qualified. The term of the town administrator shall begin on the first day of December next following his election on the first Tuesday of November of odd-numbered years and extend to November thirtieth of the next odd-numbered year.

**Sec. 2. Qualifications.**

The town administrator shall be a legal resident and a qualified elector of the town of North Smithfield.

**Sec. 3. Compensation.**

The town administrator shall receive a minimum salary of $10,000.00 or such other salary as may be prescribed by ordinance, but his salary shall not be changed after the filing of nomination papers for the office or during the term of office for which he was elected.

**Sec. 4. Absence or disability.**

To perform his duties during his temporary absence or disability, the town administrator may designate by letter filed with the town clerk, a qualified present administrative officer of the town. In the event of failure of the town administrator to make such designation, the council may by resolution, appoint a present officer of the town to perform the duties of the town administrator until he shall return or his disability shall cease. While serving as acting town administrator, said designated officer shall not make any appointments or removals, other than temporary appointments.

**Sec. 5. Vacancy.**

In the event of a vacancy in the office of town administrator, caused by resignation or death, the town council shall appoint a legal resident and a qualified elector of the town to fill such vacancy if less than six calendar months remain until a regular election. If the time between the occurrence of said vacancy and the next regular election is six months or more, the town clerk shall call a special election in the manner prescribed by law, to fill said vacancy in the office of town administrator.

If the vacancy is caused by disability or absence from work of the town administrator, such disability or absence being for at least 60 consecutive days, such vacancy if not created by resignation or death of the town administrator, may be declared by the town council upon the

recommendation by a commission composed of five persons, viz., the judge of probate, the town clerk, the town solicitor, the president of the town council, and a fifth member who shall be a physician chosen by the town council.

### Sec.  6.  Powers and duties.

The town administrator shall be the chief executive and administrative officer of the town and shall be responsible for the administration of all departments, offices and agencies except as otherwise provided by this charter. To accomplish this purpose he shall:

(1)  Appoint and remove for cause any officer or employee of the town, except as otherwise provided by this charter, and except as he may authorize the head of a department or office to appoint and remove subordinates in such departments or office;

(2)  Notify the town council of all his appointments, which shall be in writing and filed with the town clerk within five days of the appointments;

(3)  Supervise, control and direct the activities and operations of all departments and administrative officers of the town within his jurisdiction and review all rules and regulations of the various departments and administrative officers and only upon his approval shall they become effective;

(4)  Enforce or cause to be enforced, the laws and ordinances of the Town of North Smithfield;

(5)  See that the terms and conditions imposed in favor of the town in any contract or franchise are faithfully kept and performed and be responsible for the care and preservation of property and equipment of the town;

(6)  Negotiate contracts on behalf of the town with the approval of the town council;

(7)  Prepare a budget annually, and submit it to the budget committee;

(8)  Prepare and submit to the town council a comprehensive annual report of the financial transactions and administrative activities of the town within 60 days after the close of each fiscal year, and prepare and make available for distribution to the public, within 90 days after the end of each fiscal year, an annual report on town affairs, and keep the town council advised periodically of the financial conditions and needs of the town and make such recommendations as he may deem necessary;

(9)  Recommend and introduce to the town council such measures as he may consider necessary and expedient for enactment;

(10) Possess and exercise the item veto power in the following manner: Every ordinance enacted by the town council shall be submitted forthwith to the town administrator who within ten consecutive days either shall approve the ordinance in whole or in part by

affixing his signature or shall return the ordinance in whole or in part to the town council with his disapproval by transmitting it to the town clerk with a statement of his objections. No ordinance shall take effect without the approval of the town administrator unless the town council upon reconsideration shall approve the ordinance by vote of three-fifths (3/5) of its members, notwithstanding the disapproval of the town administrator. If the town administrator shall neither approve or disapprove the measure within ten consecutive days from the time when it was submitted to him, it shall be deemed to be approved and enacted.

(11) Have power and authority to declare a state of municipal emergency in the event of a disaster, catastrophe or other similar event, or the imminent danger thereof, which endangers the health, safety or resources of the people of the town and to take such lawful action as he deems necessary to protect the health, safety and security of the town and its people;

(12) Be recognized as official head of the town government for all ceremonial purposes and by the governor for purpose of military law;

(13) Perform such other duties as may be required of him by ordinance or resolution of the town council.


## ARTICLE VI. TOWN SOLICITOR

### Sec. 1. Appointment.

There may be a town solicitor who may be appointed by a majority of the town council to serve co-terminus with the Town Council or until duly replaced by a newly sworn in town council.
(Amend. of 11-4-2014)

### Sec. 2. Qualifications.

The town solicitor shall be an attorney-at-law in good standing who has been admitted to the practice of law by both the Supreme Court of the State of Rhode Island and by the United States District Court for the District of Rhode Island at least three years prior to his appointment with preference given to a qualified elector of the town. He shall not hold any other office in the town government except that of acting judge of probate when so necessary.
(Amend. of 11-3-87; Amend. of 11-2-2010)

### Sec. 3. Compensation.

The town solicitor shall not be required to devote full time to the duties of his office. He shall receive such compensation as shall be set by the town council.
(Amend. of 11-3-87; Amend. of 11-2-2010)

**Sec. 4. Duties.**

(1) The town solicitor shall be the attorney for the town and legal advisor to the town administrator, town council, and all other departments except the school department, offices and agencies of the town. He shall appear for and protect the rights of the town in all actions, suits or proceedings, civil or criminal, in law or equity, brought by or against the town or for or against any of its departments, officers or agencies and shall perform such other duties appropriate to his office as the town administrator and town council may require.
(Amend. of 11-2-2010)

(2) The town solicitor shall examine and approve the forms of all ordinances and resolutions and the forms of all invitations for bids, contracts and other legal documents sent out by any department, office or agency of the town.

(3) All written legal opinions furnished to the town administrator, the town council and all departments, offices and agencies of the town shall be filed with the town clerk and become a public record.
(Amend. of 11-3-87)

**Sec. 5. Special powers.**

This article shall not be deemed to abridge such special powers as are now or hereafter conferred upon town solicitors by state law.
(Amend. of 11-3-87; Amend. of 11-2-2010)

## ARTICLE VI½. SCHOOL DEPARTMENT SOLICITOR

**Sec. 1. Appointment.**

There shall be a school department solicitor who shall be appointed by a majority of the school committee to serve at the pleasure of the school committee.
(Amend. of 11-3-87; Amend. of 11-2-2010)

**Sec. 2. Qualifications.**

The school department solicitor shall be an attorney-at-law in good standing who has been admitted to the practice of law by both the Supreme Court of the State of Rhode Island and by the United States District Court for the District of Rhode Island at least three years prior to his appointment with preference given to a qualified elector of the town. He shall not hold any other office in the town government except that of acting judge of probate when so necessary.
(Amend. of 11-3-87; Amend. of 11-2-2010)

**Sec. 3. Compensation.**

The school department solicitor shall not be required to devote full time to the duties of his office. He shall receive such compensation as shall be set by the school committee.
(Amend. of 11-3-87; Amend. of 11-2-2010)

## Sec. 4. Duties.

(1) The school department solicitor shall be the attorney for the school department and legal advisor to superintendent of schools, the school committee and all other departments, offices and agencies of the school department. He or she shall appear for and protect the rights of the school department in all actions, suits or proceedings, civil or criminal, in law or equity, brought by or against it or for or against any of its departments, officers or agencies and shall perform such other duties appropriate to his or her office as the school committee may require.
(Amend. of 11-2-2010)

(2) The school department solicitor shall examine and approve the forms of all ordinances and resolutions and the forms of all invitations for bids, contracts and other legal documents sent out by any department, office or agency of the school department.

(3) All written legal opinions furnished to the superintendent of schools, school committee and all offices and agencies of the school department shall be filed with the town clerk and become a public record.
(Amend. of 11-3-87)

## Sec. 5. Special powers.

This article shall not be deemed to abridge such special powers as are now and hereafter conferred upon school department solicitors by state law.
(Amend. of 11-3-87; Amend. of 11-2-2010)

## ARTICLE VII. DEPARTMENT OF FINANCE

## Sec. 1. Organization.

There shall be a department of finance, the head of which shall be the director of finance who shall be appointed by the town administrator. Further organization of this department shall be as stated in this charter and by ordinances enacted by the town council to the end that the essential processes in the finances of the town, namely, control and accounts, purchasing, assessment of property, collection of taxes and other revenues and payments may be properly administered.
(Amend. of 11-4-75)

## Sec. 2. Director of finance.

The office of the director of finance shall be a full-time position and the director of finance shall serve as the town treasurer, the tax collector and the town auditor and, subject to the provisions of this charter and of ordinances enacted by the town council, he is hereby vested and shall have and exercise all the powers and duties now and hereafter vested by law in town treasurers, in tax collectors and in town auditors, and he shall have and exercise all the powers and duties vested by this charter in the office of director of finance and in the department of finance or that may be vested hereafter in said office of director of finance and said department of finance by resolution, ordinance or law and he shall have charge of the administration of the financial affairs of the town.

(1)  *Qualifications:* The director of finance shall be the chief financial officer of the town and shall have a bachelor's or advanced degree in accounting, finance, or business management from a four (4) year college or university, shall be qualified to prepare financial statements, and experience in accounting, finance or management, either in public or private business, as will qualify him for duties which he is required to perform. (Amend. of 11-2-2010)

(2)  *Compensation:* The director of finance shall receive such annual compensation as may be set by a vote of the town council, unless the duties of said office shall be performed by the town administrator for no additional compensation.
(Amend. of 11-2-2010)

(3)  *Powers and duties:* The director of finance shall:

- Cooperate with the town administrator and the budget committee in compiling the expenditure and revenue estimates for the budget;

- Prepare and submit to the town council, town manager and budget committee unaudited financial statements for each quarter, including but not limited to year-to-date analysis, and meet with the budget committee at its regular quarterly meeting to review said statements;

- Collect and receive all taxes and special assessments for the collection of which the town is responsible. He shall have all the powers, rights and duties prescribed under the general laws for tax collectors;

- Receive all license fees, rents, funds, money receivable by the town from the state and/or the federal government, and from the court and from any department, office and agency of the town, except as otherwise provided in this charter;

- Pursuant to and in accordance with the general laws the director of finance annually shall conduct a sale of all properties upon which taxes remain unpaid for a period of two (2) years or more;

- Have custody of all public funds belonging to or under the control of the

town, or any department, office and agency of the town government, including the school department, and shall deposit all funds coming into his hands in such depositories as may be designated by resolution of the town council, or, if no such resolution be adopted by the town council, in such depositories as he may choose, subject to the requirements of law as to surety and the payment of interest on deposits, but all such interest shall be the property of the town and shall be accounted for and credited to the proper accounts;

- Have custody of all investments and invested funds of the town or in the possession of the town in a fiduciary capacity, and have the safekeeping of all bonds and notes of the town and the receipt and delivery of town bonds and notes for transfer, registration or exchange;

- Exercise control over all expenditures by pre-auditing all bills, invoices, payrolls or other evidences of claims or charges against the town and seeing that budget appropriations are not exceeded by disbursements in any department, office or agency of the town.

- Pay out the funds by check, such payments being made only after compliance with provisions of the sub-section directly above, and authorization by the town council.

- Prescribe and maintain an accounting system for the town government, and adopt and require standard accounting procedures for all departments, offices and agencies of the town, including the school department, which accounts shall include the amounts of all appropriations, and the amounts paid from each, and show in reasonable detail the persons to whom and the purposes for which the payments were made, the unpaid obligations against each and the unencumbered balances and require reports of receipts and disbursements from each receiving and spending agency of the town government, including the school department, to be made monthly or at such more frequent intervals as the town council may ordain;

- Prescribe uniform forms of receipts, vouchers, bills and claims to be used by all departments, offices and agencies of the town, including the school department.

- Prepare a monthly statement of all receipts and disbursements in sufficient detail to show the financial condition of the town for submission to the town administrator and the town council; it being the duty of the town clerk to make sufficient copies for all departments.

- Prepare and submit within ninety (90) days after the end of each fiscal year, a complete unaudited financial statement and report, in accordance with state law, for submission to the town administrator, the town council and the

taxpayers of the town;

- Perform the work of buying for the town pursuant to rules and regulations established by ordinance according to which he, or an officer appointed or designated by him shall purchase or contract for all supplies, materials and equipment required by any department, office or agency of the town; establish and enforce specifications with respect to supplies, materials and equipment; be responsible for the inspection of deliveries of supplies, materials and equipment belonging to the town; store, if necessary and distribute all supplies, materials and equipment required by any department, office and agency; transfer to or between departments, offices and agencies surplus, obsolete and unused supplies, materials and equipment, and subject to the approval of the town council, dispose of any such, by sale if possible.

- Be authorized to borrow pursuant to tax anticipation notes a sum up to eighty percent (80%) of the town's operating budget with the approval of the town council.

Whenever any department, office or agency of the town shall purchase or contract for any supplies, materials, equipment or contractual services, independently and contrary to the provisions of this charter or the rules and regulations made thereunder, such order or contract shall be voidable by the town.

The town shall be allowed to enter into lease/purchase agreements as contractual obligations and to annually appropriate a sum sufficient to pay both principal and interest, subject to council approval.
(Amend. of 11-4-75; Amend. of 11-3-87; Amend. of 11-2-2010)

## Sec. 2.1. Debt limitation without referendum.

No bonded indebtedness may be incurred pledging the credit of the town in excess of $200,000.00 in any one fiscal year unless submitted to a vote of the electors at a general election or special election referendum and approved by a majority of electors voting at said election, provided however, that this limit shall not apply to borrowing in anticipation of tax receipts, to be repaid within the same fiscal year.
(Amend. of 11-3-87)

## Sec. 3. Competitive bidding.

Except in the case of contracts for professional services, before the town makes any purchase of supplies, materials or equipment not set forth on the state bid list, or contract for work to be performed, in excess of that amount set forth from time to time in state law above which competitive bids must be obtained, opportunity shall be given for competitive bidding after public notice under such rules and regulations, and with such exceptions, as the town council may prescribe by ordinance. All such purchases or such contracts for more than said amount shall be awarded to the lowest responsible bidder, except that the purchasing authority may be

directed by the town council to reject any or all bids and then to readvertise for bids, or go onto the open market. A performance bond shall be required of any successful bidder in such amount and with such surety as the town council may specify or ordain. No transaction which is essentially a unit shall be divided into a series of orders for the purpose of circumventing the requirement of this charter for competitive bidding. Bids, specifications and all other factors being equal, preference shall be given to the bidder whose place of business is in the town. It is understood that contracts not in excess of said amount for "public works" as defined in section 37-13-1 of the general laws entitled "Labor and payment of debts by contractors" are not included in the requirement for competitive bidding, but any such contracts in excess of said amount, although not requiring formal bids, may only be authorized after securing three firm quotations from qualified vendors. It is further provided that purchases between $100.00 and said amount, although not requiring formal bids, may only be authorized after securing three firm quotations from qualified vendors.
(Amend. of 11-2-2010)

## Sec. 4. Tax assessors.

There shall be within the department of finance a full-time tax assessor who shall be appointed by the town administrator. The tax assessor shall have knowledge of and experience in the appraisal of real and personal property and while serving as tax assessor, shall have no other business interests. The tax assessor shall be responsible for the fixing of an assessed valuation for the purposes of taxation on all taxable real estate and personal property and for the preparation of an assessment roll and a tax roll for the town in the manner provided by law and ordinance. The tax assessor shall receive such compensation as may be fixed from time to time by the town council.

## Sec. 5. Board of assessment review.

(1) *Appointments:* There shall be a board of assessment review consisting of three members appointed by the council for a term of three years. The members first appointed shall serve for terms of one, two and three years respectively. Vacancies shall be filled by the council for the unexpired term. If a member of such board shall cease to be a resident, his office shall thereby become vacant.

(2) *Duties:* The board of assessment review shall hear and consider the appeal of any property owner concerning the amount of his assessed valuation as determined by the assessor. The board shall keep an accurate record of its proceedings which shall be available for public inspection.

(3) *Correction in assessment:* If it shall appear that the valuation of any property has been erroneously or incorrectly assessed, the board shall have authority to order a correction. Such determination shall be certified by the board to the assessor whose duty it shall be to make such corrections in the valuation as the board may determine. If the tax roll has been certified by the assessor, he shall transmit the findings of the board to the council, which may cancel in whole or in part the tax based on such valuation in order to effect a correction.
(Amend. of 11-2-2010)

(4) *Procedure:* The town council shall provide by ordinance for the organization and procedure of the board of assessment review and for the manner of receiving, considering, and disposing of appeals.

(5) *Right of appeal:* The taking of an appeal to the board of assessment review or any action thereon shall not be construed to limit or restrict the right of any taxpayer to apply to a court of competent jurisdiction for relief from any assessed valuation or tax originally determined by the assessor.

## Sec.  6.  Tax revaluation survey.

The town shall provide for an evaluation of all property subject to taxation under the general and public laws of this state, except motor vehicles, trailers, boats, airplanes and similar mobile equipment and intangibles at least every tenth year thereafter by an independent qualified appraisal firm.
(Amend. of 11-3-87)

## ARTICLE VIII. THE BUDGET

## Sec.  1.  Fiscal year.

The fiscal year of the town government shall begin on the first day of July and shall end on the last day of June of each calendar year unless a uniform fiscal year for all cities and towns shall be established by state law. Such fiscal year shall also be the budget and accounting year. As used in this charter, the term "budget year" shall mean the fiscal year for which any particular budget is adopted and in which it is administered.

## Sec.  2.  Budget, general.

The budget shall provide a complete financial plan for the budget year. It shall contain four parts:

The budget message prepared by the town administrator, giving a general summary of the principal sources of anticipated revenue with amounts to be raised from each source, and of the principal objects of expenditure with amounts to be expended on each object, making clear how expenditures are to be kept within income, and comparing the general estimates for the coming year with the corresponding figures for the past year and the year in progress;

Detailed estimates of all anticipated revenues applicable to proposed expenditures together with supporting information such as, for example, a statement of the town's bonded indebtedness, showing the amount of bonds outstanding and the amount authorized but unissued, the condition of the sinking funds, the total borrowing capacity of the town, and other relevant information on revenues and expenditures;

Drafted bills prepared by the town administrator, for appropriations, revenues and borrowing

if necessary, putting the details of the budget plan into proper legal form ready for action by the legislating body;

A copy of the independent auditor's opinion and auditor's management recommendations shall be included in the budget report.

The total of such anticipated revenues shall at least equal the total of such proposed expenditures. (Amend. of 11-3-87)

## Sec. 3.  Preparation of the budget.

The town administrator shall annually assemble the budget requests of all departments and agencies. He shall receive from the head of each department and agency, including any private corporation which receive all or a substantial portion of its funding from the town, an estimate of the amount necessary to carry on its work during the coming year. These estimates accompanied by a statement of recommendations from the town administrator shall be presented to the budget committee by the second Monday in March. The budget committee shall prepare its budget recommendations for submission to the town council pursuant to Article III of the town charter. In performing this duty, the budget committee shall exercise these powers: It shall elect a chairman, a vice-chairman, and secretary of the committee and shall adopt its own rules and order of business; it shall receive from the town administrator said statement of the budget requests for all departments and agencies; it shall investigate the recommendations of the various departmental budget requests, including the budget requests of the school committee, and may request the director of finance with the head of any of the departments and the head of any other board, office or agency supported wholly or in part by town funds to explain their estimates and recommendations. In preparing the budget, the budget committee may confer with the town council and may hold one or more public hearings in preparing the budget at which department heads and/or their designee and those requesting funds shall be in attendance. The budget committee shall present a budget message of explanation to accompany their budget recommendations to the town council pursuant to Article III of the town charter.

The Budget Committee may be assigned additional tasks by the Town Council such as: overseeing the development of pro-forma statements by department, monitoring department budgets during the fiscal year, reviewing fiscal impact statements, reviewing audit reports, offering recommendations which could result in savings, and investigating financial practices and policies of other communities which if implemented could benefit the Town.

(Amend. of 11-7-89, § 4; Amend. of 11-2-93; Amend. of 11-2-2010;Amend. of 11-4-2014)

## Sec. 4.  Procedure for budget committee.

The budget committee shall hold its first meeting for the consideration of a recommended annual budget for the Town of North Smithfield for the fiscal year then next ensuing not later than the fifteenth day of January in each year unless such day should fall upon a Sunday or legal holiday; in which event, said first meeting shall be held not later than the first business day thereafter. The budget committee shall promulgate at its organizational meeting rules and

regulations governing its operations and procedures, and said rules and regulations shall be approved by the town council. The budget committee shall complete its consideration of the budget, including all necessary conferences with the town council, the town administrator, department representatives, citizens and private corporations, not later than the Third  Monday in May in each year and shall annually on said date publish its recommended budget and budget message by filing two copies thereof with the town clerk, one for posting and public inspection in the town clerk's office and the other copy thereof for the use of the town officers. The town clerk shall cause sufficient copies of the budget and budget message to be prepared for distribution to interested persons.

The budget committee recommendations shall be considered final at this time. The published budget shall be available for distribution and released from Town Hall upon request five business days prior to the final hearing pursuant to section 8 of Article III of the home rule charter. (Amend. of 11-3-87; Amend. of 11-7-89, § 4; Amend. of 11-2-93; Amend. of 11-4-2014 )

## Sec.  5.  Budget format.

In parallel columns opposite the several items of anticipated revenues there shall be placed the amount of each such item in the budget of the last  three completed fiscal years, the amounts of such items actually received during such  years, the amount of each such item in the budget of the current fiscal year, and the amount actually received to the time of preparing the budget plus receipts for the remainder of the current fiscal year estimated as accurately as may be.

In parallel columns opposite the several items of proposed expenditures, there shall be placed the amount of each such item in the budget of the last completed fiscal year, the amounts of such items actually expended during such year, the amount of each such item in the budget of the current fiscal year and the amount actually expended to the time of preparing the budget plus the expenditures for the remainder of the current fiscal year estimated as accurately as may be.

The estimates of receipts for all departments shall be detailed by source. The estimates of expenditures shall be detailed by departments and the principal subdivisions thereof, offices, boards, commissions and agencies of the town and shall show for each such unit the requested amount broken down by personal service, contractual service, materials and supplies, fixed charges and capital outlays.

(Amend. of 11-4-2014)

## Sec.  6.  Submission of budget.

The budget committee shall submit its printed report comprising the budget and budget message to the town council and shall make its recommendations for expenditures and for taxes or other revenues which will be necessary to pay such expenses. (Amend. of 11-7-89, § 4)

## Sec.  7.  Certification of detailed budget.

Within one week after the approval of the budget by the town council, the tax assessor shall certify to the finance director, town administrator,  president of the town council, and any required state officer or agency the detailed budget or work sheets upon which each item of appropriation passed was presumably based, showing allotments by quarterly periods of the budget year. Any head of a department, office or agency, may, if he so desires, shorten the work program and requested allotments of appropriations submitted by him to the town administrator by incorporating therein specific references to the particular items in said detailed budget applicable to his department, office or agency. Said detailed budget or work sheets shall not be considered as part of or in any way affecting the actual items of appropriation approved by the town council.

(Amend. of 11-7-89, § 4; Amend. of 11-2-2010)

## Sec.  8.  Budget control.

The town administrator shall authorize all expenditures for the departments, offices and agencies to be made from the appropriations on the basis of approved allotments, and not otherwise. An approved allotment may be revised however during the budget year. If at any time during the first three quarters of the budget year but ordinarily at the end of any quarterly period, the town administrator shall ascertain that the remaining, unexpended balance of appropriations for the year will be insufficient to cover the proposed work programs, he shall reconsider the work programs and allotments of the several departments, offices and agencies and revise the allotments other than the allotments of the school department, so as to forestall the making of expenditures in excess of appropriations . Provided, however, that the revision is within departments, offices and agencies. The town council during the last quarter of the budget year may revise allotments between departments, offices and agencies other than the allotments of the school department. If at any time during the budget year, the town administrator shall ascertain that the remaining unexpended balance of appropriations of the school department for the year will be insufficient to cover proposed work programs for the school department, he shall advise the school department to reconsider their work programs, and allotments and to revise their allotments so as to forestall the making by them of expenditures in excess of appropriations.

## Sec 9.  Budget Committee Review Required for all negotiated Union Contracts.

After preliminary agreement between the Administration and any Union or the School Department and any Union and prior to the Contract going in front of the Town Council for a ratification vote, the Budget Committee will review all negotiated union contracts and verify the Administration's or School Department's calculations as to the increased costs and/or burdens (or the decreased costs and/or benefits, if applicable) and report their findings to the Town Council in written format at least one week in advance of a Public Hearing on the proposed union contract.

(Amend. of 11-4-2014)

## ARTICLE IX. TOWN CLERK

**Sec. 1. Selection and term.**

There shall be a town clerk who shall be appointed by the town administrator with the approval of the town council for an indefinite term. In the same manner and for an indefinite term whenever such appointment shall be necessary, there may be appointed a deputy town clerk who shall have all the powers to perform all the duties which are granted to the office of town clerk, being thereunto qualified by taking the oath of office.

**Sec. 2. Powers and duties.**

The town clerk shall be the clerk of the town council, clerk of the probate court, clerk of the board of canvassers, and the recorder of deeds. It shall be the duty of the town clerk to:

(1) Make a permanent record of all proceedings and certify by his signature all actions of the aforesaid bodies;

(2) Be custodian of the town seal and of the official documents and records of the town;

(3) Direct and supervise the recordings of deeds, mortgages, vital statistics, licenses and permits and such other records as shall by ordinance and law be required to be kept by the town clerk;

(4) Issue marriage licenses, burial permits and such other licenses and permits as are required by ordinance and law to be issued by the town clerk;

(5) Perform such other duties as may be prescribed by this charter or by law pertaining to town clerks, and such other duties appropriate to his office as the town administrator and town council may require.

(Amend. of 11-2-2010)

**Sec. 3. Compensation.**

The town clerk and deputy town clerk shall receive such annual salaries as shall be set by the town council. All fees collected by either the town clerk or the deputy town clerk shall be transmitted to the town's director of finance and be deposited in the general funds of the town unless otherwise directed by the general laws of the state.
(Amend. of 11-2-2010)

**Sec. 4. Bond.**

The town clerk and deputy town clerk shall respectively within 15 days of the time of being sworn into office give bond to the town treasurer with sufficient surety in such sum as the town council shall prescribe for the faithful performance of the duties of such office, the cost of said bonds to be paid by the town.

### Sec. 5. Effective date of "selection and term."

All sections of this charter relative to the office of town clerk shall become effective upon approval by the electors and validation by the General Assembly and after the first day of December following certification by the board of canvassers of the first officers elected under this charter in November 1969, except that the "selection and term" of office of the town clerk as provided in this charter shall not become effective until such time thereafter as any person presently holding said office who has qualified for permanent tenure in accordance with Public Laws, 1962, Chapter 238 shall either vacate said office or be removed for cause as provided therein.

## ARTICLE X. DEPARTMENT OF PUBLIC WORKS

### Sec. 1. Organization.

There shall be a department of public works, the head of which shall be a full-time director of public works, who by training and experience shall be qualified to administer the duties and responsibilities described herein, and who shall be appointed by the town administrator.

### Sec. 2. Powers and duties.

The department of public works shall provide but not be limited to providing the functions and services of the town relating to streets, highways, sidewalks, bridges, watercourses, street lighting and storm sewers; for the collection and disposal of garbage and other refuse; for the construction, maintenance, repair and operation of all public buildings and properties, other than those of the school department, belonging to or used by the town; for building, electrical and plumbing permits for public buildings and properties; for regulation of weights and measures; and for such other functions as may be prescribed by ordinance, whether they be performed by this department or by others under contract.

The department shall be divided into at least four divisions, each of which shall be headed by the public works director or a person recommended by him and appointed by the town administrator. These divisions shall include the highway division, the engineering division, the parks and recreation division and the water and sewer division. Any organization of the department other than that provided herein may be made only by the town council by ordinance and upon recommendation of the town administrator.

(1) *Highway division:* This division shall be responsible for the construction, reconstruction, alteration, repair and maintenance of all functions relating to highway use in the community and such other activities as shall be designated by the director of public works.

(2) *Engineering division:* There shall be a division of engineering at such time as the town administrator with the approval of the town council shall direct, with the duties and responsibilities of the division to be determined by the director of public works with the approval of the town administrator; provided, that the custody and care of engineering

records and documents shall be assigned to this division and that it shall provide engineering services to other town departments.

(3) *Water and Sewer division:* This division shall be responsible for providing water and sewer services within the town and for the construction, reconstruction, alteration, repair, maintenance and operation relating to the functions and services within its jurisdiction and such other activities as shall be designated by the director of public works.

(4) *Parks and recreation division:* This division shall be responsible for the operation and management of public parks and other recreational properties and equipment within the town, except those under the jurisdiction of the school department, and such other activities as shall be designated by the director of public works. To assist the administration and development of parks and recreational facilities within the town there shall be an unpaid advisory commission of parks and recreation, the organization, duties and responsibilities of which shall be determined by town ordinance.

(Amend. of 11-4-75; Amend. of 11-2-2010)

### Sec. 3. Compensation.

The compensation of the director of public works and division heads shall be established by the town council by ordinance.

### Sec. 4. Fees.

All fees from permits and any other revenues collected by the department of public works shall be forwarded regularly to the town treasurer.

### ARTICLE XI. DIRECTOR OF PUBLIC SAFETY

### Sec. 1. Office.

There is hereby created the office of the director of public safety whose duties shall be performed by the town administrator, or a person appointed by him.

### Sec. 2. Police department.

(1) *Organization:* Within the office of public safety there shall be a police department the head of which shall be the chief of police who shall be a police officer with at least three years' experience above the rank of patrolman in any organized police department or any other law enforcement agency providing equivalent experience with preference given to a qualified elector of the town. He shall be appointed by the town administrator for an indefinite term and shall be subject to removal by the town administrator, in accordance with provisions of this charter.

All police officers below the rank of chief of police, shall be appointed or promoted as the case may be by the town administrator upon the recommendation of said chief, provided they

shall have satisfactorily passed such qualifying tests as the town council shall have established by ordinance. They shall hold their respective offices, during good behavior, until vacated by death, resignation or retirement or until they shall be removed by the town administrator, in accordance with provisions of this charter. Before their permanent appointment, all members of the police force shall have served for a period of not less than one year in a probationary status during which period they may be removed at any time by the town administrator upon recommendation of the chief of police, with or without cause.

In addition to the members of the permanent police force, the chief of police may from time to time appoint additional special policemen for occasional services and for limited terms who shall serve at the pleasure of the chief of police.

The further organization of the department into divisions or offices or grades shall be made by the town council on recommendation of the town administrator after conferring with the chief of police.

(2) *Powers and duties:* The police department shall be responsible for the preservation of the public peace, prevention of crime, apprehension of criminals, protection of the rights of persons and property, regulation of traffic, and the enforcement of the laws of the state and the ordinances of the town and rules and regulations in accordance therewith. The chief of police and other members of the department shall have all the powers and duties as are now and hereafter vested in such police officers by the laws of the state and the town ordinances.

The chief of police shall be in direct command of the police force and shall, subject to the approval of the town administrator and town council, make rules and regulations concerning the conduct of all officers and subordinates. He shall assign all subordinates to their respective posts, shifts, details and duties and shall be responsible for their training, efficiency, discipline and good conduct. He shall also be responsible for all town property in his custody. The uniforms of the members of the police force shall be of such material and style as the chief of police shall designate. In the absence or disability of the chief of police the next highest ranking officer shall have all the powers and perform all duties of the chief.

(3) *Present employees continued in office:* All permanent police officers, including the chief of police and deputy chief, presently in the service of the Town of North Smithfield who have served for a period of one year prior to the adoption of this charter shall hold their respective offices during good behavior, until vacated by death, resignation or retirement, or until they shall be removed by the town administrator in accordance with the provisions of this charter.

## Sec. 3. Fire department.

(1) *Authorization:* Also within the office of public safety there may be created a fire department by action of the town council.

(2) *Chief:* The chief of this fire department shall have training and experience in the service sufficient to qualify him for the responsibilities of such office and shall be appointed by the town administrator for an indefinite term and shall be subject to removal in accordance with the

provisions of this charter.

(3) *Firemen:* Employees below the rank of chief shall be appointed in accordance with provisions set forth in the personnel code required under Article XIII of this charter.

(Amend. of 11-2-2010)

## Sec. 4. Inspection division.

This division shall be headed by a full time chief inspector who shall be appointed by the town administrator (in accordance with Title 23, General Laws of Rhode Island, 1956, as amended) and shall have, but not necessarily be limited to the following duties:

- Issue all building, electrical, plumbing, drainage, oil burner and other like permits in accordance with existing or future ordinances passed by the town council.

- Post certificates of occupancy on new or remodeled structures.

- Maintain a record of all business transacted by the division.

- Have charge of enforcement and power to institute legal proceedings both civil and criminal, on behalf of the town for violation of zoning ordinances and building codes.

- Perform the duties and responsibilities of fence viewer, the zoning inspector and the minimum housing inspector.

- Cooperate with the assessor's office by reporting promptly all permits issued for new construction and all permits for demolitions, renovation and additions to existing structures which automatically change the assessed value of such property, and

- Be responsible for any additional duties and responsibilities as may be delegated to this division.

(Amend. of 11-4-75; Amend. of 11-2-2010)

## ARTICLE XII. PLANNING BOARD

## Sec. 1. Organization.

There shall be a planning board consisting of five (5) regular and two (2) alternate members, each of whom shall be a resident of the town. Regular members of the board shall be appointed by the town council for terms of five (5) years, except that the initial appointments shall be for terms of one (1), two (2), three (3), four (4) and five (5) years respectively.

The alternate members shall be designated as the first and second alternate members. Alternate members shall sit and may actively participate in hearings.  The first (1st) alternate member shall vote if a regular member of the board is unable to do so and the second (2nd) alternate member shall vote if two (2) regular members or one (1) regular member and the first (1st) alternate member of the board are unable to do so.  Alternate members shall be appointed by the town council for terms of one (1) year.

Any vacancy on the board shall be filled by the town council until the expiration of the vacated appointment. Any planning board member may be removed for due cause by the appointing authority following a public hearing. All members shall serve until their respective successors shall have been designated. The board shall organize annually by electing a chairman, vice-chairman, and a secretary. Members of the board shall serve without compensation but may be reimbursed out of appropriations for any expenses incurred in the performance of their duties.

Regular meetings of the board shall be held at least once a month on such days as the board may determine, and special meetings shall be held at the call of the chairman or on the written request of two members. The board may adopt rules for the transaction of business.

(Amend. of 11-2-2010)

### Sec. 2. Duties.

(1) *Studies:* The planning board shall make studies and prepare plans for the utilization of the resources and satisfaction of the needs of the town, with reference to its physical growth and development as affecting the health, safety, morals, and general welfare of the people and the economy and efficiency of community life. Such studies and plans may include, among other things, the following:

- The utilization of land for residential, commercial, industrial, public, institutional, and other purposes;

- The location and character of transportation routes, including railroads, highways, streets, sidewalks, bridges, terminals, heliports, and other facilities;

- The location and character of public facilities including offices, fire or police stations, schools, recreation areas, and other public places and structures;

- The location and character of public service and utility systems such as water supply, drainage, sewerage, street lighting and power or fuel transmission;

- Blighted areas including the designation of general areas for redevelopment or renewal;

- Environmental pollution: Air, land and water;

- The conservation and utilization of natural resources including soil, ground or surface water, minerals, plant and animal life, and topographic features;

- Historic sites or buildings;

- Survival from possible disaster; and

- The economic and sociological aspects of the town.

(2) *Comprehensive plan:* The board shall prepare and adopt a comprehensive plan for the development and improvement of the town. Such plan shall, among other things, show the proposed location and arrangement of the uses of the land; transportation routes; public facilities; utility systems; deteriorating or blighted neighborhoods planned for redevelopment, rehabilitation, or other improvement; natural resources and historic sites to be preserved; and disaster survival proposals. Such plan shall also include recommendations for the enactment of development controls deemed necessary to properly implement the features of the plan, such as zoning, subdivision control, official street map, minimum housing standards, pollution control, etc. No portion of the comprehensive plan or amendment thereto shall be adopted by the board without a public hearing, notice of which shall be published as a paid advertisement, in a newspaper of general circulation in the Town of North Smithfield, once a week for three successive weeks.

(3) *Capital budget:* The board shall prepare and recommend to the town council a capital budget for the following year and a comprehensive six-year capital improvement program on an annual basis.

(4) *Regulatory powers:* The board shall regulate the platting or any other subdivision of land in accordance with provisions in the general laws of Rhode Island.

(5) *Opinions:* The board shall file an opinion with the town council on all proposed amendments to the zoning ordinance, giving due consideration to the relationship of such amendment to the town's comprehensive plan, and shall recommend to the town council amendments to the zoning ordinance wherever there is a proposed major change in or extension of land use, transportation routes, public facilities, or public utility systems. At least once every two years the planning board shall review the zoning ordinance and make recommendations concerning its revision.

(6) *Annual report:* The board shall report annually to the town council at the end of the fiscal year, summarizing the work of the preceding year and recommending plans for future development of the town. A copy of this report shall be filed with the Rhode Island Development Council in accordance with the provisions in the general laws of Rhode Island. All plans and reports of the board shall be first submitted to the town council, and thereafter the board may publish and distribute copies of plans and reports in order to promote public interest in and understanding of the work of the board.

(7) *Miscellaneous:* The board shall undertake such other work as may be assigned by the town

council in connection with the physical growth and development of the town. The board shall have the authority to call upon other departments, boards, committees, or commissions of the town and agencies of the state and federal governments for assistance in performance of its designated functions and shall cooperate with such other departments and with state and federal agencies on community, regional, and state planning and development. The board may employ such technical assistance as it may deem necessary within the funds appropriated to it and may enter into agreements with the state, federal or regional agencies; the board may incur any expense necessary therefor, but it shall not for any purpose contract for or incur any expense greater than the amount appropriated or available therefor.
(Amend. of 11-4-75)

### Sec. 3. Planning, coordination.

Any proposal for the construction of a public improvement or for the acquisition of land for public use shall be first submitted to the planning board for its recommendation. Nothing, however, shall be construed to prevent the proposal from being effected in the absence of a recommendation of the board after 30 days from the date of submission or subsequent to a negative recommendation of the board.

All proposed ordinances and resolutions of the town council which concern the existing and proposed location and arrangement of the uses of the land; transportation routes; public facilities; public utility systems; deteriorating or blighted neighborhoods planned for redevelopment, rehabilitation, or other improvement; natural resources and historic sites to be preserved; and disaster survival proposals; shall be submitted to the board for its recommendation. Nothing, however, shall be construed to restrict or prevent the town council from acting on any ordinance or resolution contrary to or in the absence of a recommendation of the board.

In the preparation of an annual capital budget and capital improvement program, all departments, boards, committees, commissions, and officers of the town shall cooperate with the planning board in carrying out this program.

### Sec. 4. Zoning board of review.

(1) *Organization:* There shall be a zoning board of review consisting of five members and two auxiliary members, residents of the town, none an elected or otherwise appointed official of the town and all appointed by the town council. Each member shall be appointed for a term of five years, except that the original appointments shall be made for terms of one, two, three, four and five years respectively. The auxiliary members shall be appointed for a term of one year. If a vacancy should occur in the board, the town council shall appoint a new member for the unexpired term.

(2) *Powers and duties:*

- The chairman, or in his absence, the acting chairman, may administer oaths and compel the attendance of witnesses.

- The board of review shall make its own rules of procedure having to do with appeals to the board, stay of proceedings on appeal and hearings of appeals to the board, provided that such rules conform with law and amendments thereto.

- The board shall keep minutes of its proceedings, showing the vote of each member upon each question or, if absent or failing to vote, indicating such fact, and shall keep records of its examinations and other official actions, all of which shall be filed immediately in the office of the board and shall be a public record.

- The board shall hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative officer in the enforcement of zoning ordinances of the town.

- The board shall hear and decide special exceptions to the terms of the ordinance, upon which such board is authorized to pass under such ordinance.

- The board shall authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

- The board may reverse or affirm wholly or partly, or may modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision or determination as ought to be made, and to that end shall have all the powers of the officer from whom the appeal was taken.

   The concurring vote of three members of the board shall be necessary to reverse any order, requirement, decision or determination of any such administrative officer, and the concurring vote of four members of the board shall be required to decide in favor of the applicant on any matter within the discretion of the board upon which it is required to pass under such ordinance or to effect any variation in the application of such ordinance.

The board may also act in a review capacity in other matters as may be specified in the general laws of Rhode Island.
(Amend. of 11-4-75)


## ARTICLE XIII. PERSONNEL BOARD

### Sec. 1. Organization.

There shall be a personnel board consisting of five members who shall be appointed by the town administrator with the approval of the town council for terms of two and three years. The members first appointed shall serve for terms of one, two, and three years respectively and

thereafter their successors shall be appointed for three year terms as their respective terms expire. The fourth and fifth members shall be initially appointed for terms of one and two years respectively and thereafter their successors shall be appointed for two year terms as their respective terms expire. Each member appointed to said board shall be a person of good repute in his respective business, profession or trade, who is known to be in sympathy with the merit principle as applied to public employment. No member shall hold or be a candidate for any other public office or position and shall not be a member of any national, state or local committee of a political party, or an officer in any partisan political club or organization, or worker in any political campaign. They shall be qualified electors of the town.
(Amend. of 11-4-75)

**Sec. 2. Compensation.**

Salaries of members of the personnel board shall be determined by the town council.

**Sec. 3. Powers and duties.**

It shall be the duty of the personnel board:

(1) To formulate and recommend to the town council for adoption by ordinance:

    (a) A position classification plan for all town employees, excepting those noted hereinafter. Such plan shall define generally the duties, responsibilities, and types of work for each class of position; the skills and knowledge necessary for each position; and the minimum qualifications necessary to qualify for appointment to each position and the positions or classes of positions to which competitive examinations should apply and those to which noncompetitive or qualifying examinations shall apply;

    (b) A pay plan for all town employees in the classification plan. Such pay plan shall state the salary or wage for each position established by the classification plan; and define the method for granting step advancements in pay in those instances where a minimum and maximum pay range is established for a position;

    (c) Personnel policies regarding vacation, sick leave, overtime pay and the discipline of classified employees.

(2) Upon the adoption of the position classification plan and the pay plan by the town council, the personnel board shall assign to the appropriate position classification all persons employed by the town, subject to such plans.

(3) Formulate and administer such tests and other forms of evidence so as to determine by the study of each person's qualifications the capability of candidates for positions in the classified service.

(4) Certify to appointing officers that persons who are candidates or applicants for such

positions in the classified service, possess the qualifications required by the classification plan, such certification to apply to present and prospective employees. Such certification lists shall show the names of the three persons standing highest thereon who are available for appointment to employment or to promotion, if there be as many as three such names thereon, or all the names on the list if there are less than three. The appointing authority shall appoint one of the persons so certified to the position in accordance with the provisions of the personnel rules.

(5) Examine all payrolls covering classified employees for the purpose of determining that all persons to whom payments are to be made are properly employed and have been approved and certified to the appointing officers by the personnel board as to eligibility, and no authority shall exist to certify the payroll or to make any payment to persons not properly employed as herein provided in any other agency than said personnel board.

**Sec. 4.  Positions excepted from classified service.**

There shall be excepted from the classified service of the town:

(1) Officers elected by the people.

(2) Heads of departments and agencies appointed by the town administrator or town council.

(3) Employees of the school department for whom state certification is required.

(4) Persons engaged by contract to perform special services for the town where such contracts are certified by the personnel board to be for employment which should not be performed by persons in the classified service.

(5) Persons temporarily appointed or designated to make or conduct a special inquiry, investigation or examination, or to perform a special service where such appointment or designation is certified by the personnel board to be for employment which because of its expert nature or character could not or should not be performed by persons in the classified service.

(6) Such temporary unskilled workers paid on an hourly basis as the personnel board may determine.

(7) Persons who in times of public emergency may be appointed special employees.

**Sec. 5.  Present employees continued in office.**

All persons, who at the time this charter takes effect, are holding positions hereby placed in the classified service of the town, including policemen, shall hold such positions as though appointed in accordance with the provisions hereof, but any vacancies thereafter occurring shall be filled in the manner herein provided for classified service.

**Sec. 6.  Temporary appointment when no list is available.**

Whenever it is not possible to certify the required number of eligible persons for appointment to a vacancy in the classified service because no appropriate list exists, the appointing authority may nominate a person to the personnel board and, if such nominee is found by the personnel board to have had experience and education which appears to qualify him for the position and meets such other requirements as are established by the personnel rules, he may be temporarily appointed to fill such vacancy.

**Sec. *7*.  Probationary period.**

All original appointments and promotional appointments to the classified service shall be for a probationary period of not less than six months, during which time the appointing authority shall report to the personnel board every 60 days concerning the work of the employee. Any employee may be dismissed by the appointing authority during the probationary period for reasons relating to the employee's qualifications or for the good of the service stated by the appointing authority in writing and filed with the personnel board.

**Sec. 8.  Emergency appointment.**

In case of emergency, an appointing authority may make an emergency appointment of any person to any position without regard to provisions of this charter to carry on work that must be continued in the public interest, but no such emergency appointment shall continue beyond the time of the emergency as declared by the town council. Emergency appointments shall be reported immediately to the personnel board.

**Sec. 9.  Services of other agencies.**

The personnel board may enter into arrangements with any governmental agency, quasi-governmental agency, or educational agency, or educational institution for determining qualifications of employees and applicants for employment in the classified service, and for aid in the preparation of the personnel regulations.

**Sec. 10.  Removal of officers on indefinite tenure.**

Officers of the town appointed for an indefinite term may be removed by the office or agency which appointed them. If any such officer appointed for an indefinite term refuses to resign when asked for his resignation by the proper authority, the town administrator if his office made the original appointment or nomination, or any member of the town council if the town council made the original appointment, may prefer charges against said officer before the town council, requesting his removal. The council after giving written notice of said request and of the time and place of hearing delivered to said officer or mailed by certified mail to said officer at his last known address, together with a copy of said charges at least ten days prior to the date of hearing, may after hearing on said charges remove said officer by an affirmative vote of a majority of the entire town council. Said hearing shall be public if said officer so requests by a written demand filed with the town council two days prior to the date of the hearing.

**Sec. 11. Personnel review.**

The jurisdiction of the town council shall extend to all cases of appeals from dismissals, suspensions, demotions or transfers or layoffs of appointive officers and employees of the town, whether in the classified service or not, except those in the school department working in an administrative, supervisory or teaching capacity, and except those provided for otherwise in this charter in Article XIII, section 10. The town council in its work of receiving, considering and disposing of appeals shall follow procedure that is informal and of a nature calculated to effect justice in a manner as simple as possible, and provided that the following requirements are observed. In the event that any person is dismissed, suspended, demoted or transferred as provided herein, he may appeal in writing to the town council within ten days from such dismissal, suspension, demotion, transfer or layoff. Unless such appeal has been withdrawn, the council within ten days from the filing of such appeal, shall give the dismissed, suspended, demoted, or transferred person, or person laid off and the department head, board or other agency involved, the opportunity to be heard at a hearing before said council. After such hearing, which shall be public at the option of the person making the appeal, the action of the council shall be final and binding, and shall not be subject to appeal or further revision except as may be otherwise specifically provided by law. The review afforded herein shall be deemed to be alternative to and/or in addition to that granted by general and special state laws to certain classes of town employees. Upon reinstatement for any reason the dismissed, suspended, demoted or transferred officer or employee shall be paid in full for the wages lost during the period of such dismissal, suspension, demotion or transfer.

At any such hearings it shall be the right of any such person making the appeal to be represented by counsel who may conduct his case and act for him.

**Sec. 12. Removal from office.**

The following reasons shall constitute cause for removal from office:

(1)   Willful violation of any provisions of this charter or town ordinance.

(2)   Incompetency to perform the duties of the particular office held.

(3)   Conviction of a crime involving moral turpitude.

(4)   Willful neglect of duty.

(5)   Corrupt or willful malfeasance in office, and

(6)   Willful misconduct to the injury of the public service.

**Sec. 13. Appointment and discharge of subordinates.**

Unless otherwise provided in this charter, each elected officer, department head, board or

other agency may appoint, dismiss, suspend, demote, transfer or lay off his or their deputies, clerks, assistants and subordinates serving under his or their supervision or control, subject to appeal to the town council acting as the board of personnel review as herein designated.

## Sec. 14. Retirement of municipal employees.

The town council may provide by ordinance a system of retirement allowance to augment federal social security or other pension plan payments, if any, for the town's regular full-time paid employees, and for the contribution by employees and the town to a fund from which such allowance shall be paid. The town may enter into a contract with any insurance company authorized to do business in this state for the purpose of insuring the whole or any part of its retirement plan.

## Sec. 15. Non-Union Employees employed "at will"

Department Heads and Non-Unionized Town employees are employees "at will". A new or re-elected Town Administrator will have the ability to retain or remove any Department Head or non-unionized Town employee (other than School Department employees) within 3 months of taking office. All Department Heads and Non-Union employees will be in "acting" status until notified that they will be retained, reassigned, terminated or laid off within this three month period. After 3 months, if the Town Council adopts a budget that requires the elimination of a position, a consolidation of Departments, or sections of a Department, or a reduction in the workforce for any reason whatsoever, Department Heads and Non-unionized employees can be laid off, reassigned, or terminated in order to meet adopted budgetary limitations imposed by the Town Council. This section will take priority over other Charter provisions to the contrary or that conflict.

(Amend. of 11-4-2014)

## ARTICLE XlV. SCHOOL DEPARTMENT*

## Sec. 1. Membership; term.

There shall be a school committee consisting of seven , members  five of whom shall be elected at large at the regular biennial elections in even-numbered years to serve for a term of four years and until his successor is elected and qualified. However, in the elections of 1969 only, the three candidates with the largest number of votes shall be elected for four years; the next two candidates in vote totals shall be elected for a term of two years. Thereafter, the candidates elected at subsequent elections shall be placed on the ballot in one column in alphabetical order and the candidates with the largest number of votes shall be elected. In addition, candidates elected thereafter shall be for three or two members of the school committee, as may be required to fill the vacancies caused by the expiration of the terms.  Two members shall be appointed to serve two year terms co-terminus with the Town Council.  One appointee shall be selected by the Town Administrator and the second appointee shall be selected by a majority vote of the Town Council.  If the appointed member selected by the Town Administrator resigns, the Town Administrator shall appoint a replacement to serve the balance of the term.  If the appointed member selected by the Town Council resigns, the Town Council shall appoint a

replacement to serve the balance of the term.

(Amend. of 11-4-2014)

### Sec. 2. Qualifications.

School committee members shall be qualified electors of the town and shall hold no other paid office or employment in the service of said town, except that of notary public, justice of the peace, town constable, call firemen or auxiliary policemen. If a committee member shall cease to possess any of these qualifications or shall be convicted of crime involving moral turpitude, his office shall immediately become vacant.

### Sec. 3. Compensation.

The compensation for members of the school committee shall be recommended annually by the school committee.
(Amend. of 11-2-2010)

### Sec. 4. Vacancies.

Any vacancy in the membership of the school committee shall be filled by the town council until the next regular town election, when the office shall be filled for the unexpired term thereof.

### Sec. 5. Powers and duties.

(1) *Organization:* The school committee shall elect a chairman and a clerk at its first organization meeting. Said committee shall determine its rules and order of business and the time of its meetings.
(Amend. of 11-2-2010)
   *State law reference*—For applicable state law, see G. L. 1956, § 16-2-5 et seq.

(2) *Policy:* The school committee shall determine and control all policies affecting the administration, maintenance and operation of the public schools and shall have all the powers and be subject to all duties as prescribed by the laws of the state. It shall prepare a complete report of its finances and activities at the close of the fiscal year. Such reports shall be included as a separate section in the annual town report.

(3) *Appointments and removals:* The school committee shall appoint a superintendent of schools as its administrative agent. The appointment and removal of all school employees shall be made by the school committee upon recommendation of the superintendent of schools, except as may otherwise be provided by law. Except for the purpose of inquiry, the school committee and its members shall deal with the administration of the public schools solely through the superintendent of schools and neither the school committee nor any member thereof shall give orders to any subordinates of the superintendent of schools, either publicly or privately.

(4) *Budget:* The school committee shall submit budget estimates in the same manner as other

departments.

(5) *Reports of anticipated expenditures:* The school committee shall submit to the town financial office, monthly reports of anticipated expenditures.

(6) *Buildings and grounds:* The department of public works, at the request of the school committee and with the approval of the town administrator may maintain and care for school buildings and grounds, provided, that the costs are charged against the appropriations for the public schools.
(Amend. of 11-4-75)

## ARTICLE XV. OTHER OFFICES AND COMMISSIONS

### Sec. 1. Town sergeant.

There shall be a town sergeant who shall be appointed by the town council to serve at the pleasure of the council. The town sergeant shall have all the powers, privileges and immunities of his office, and shall perform all the duties as prescribed by the general laws and applicable special laws and ordinances. The compensation of the town sergeant shall be set by ordinance.

### Sec. 2. Auctioneer.

There shall be one or more auctioneers appointed by the town council. Every auctioneer shall, at his own expense, give bond in a sum not exceeding $10,000.00 nor less than $2,000.00 for the faithful execution of the duties of his office according to law. The powers and procedures of said office shall be as prescribed by law.

### Sec. 3. Sealer of weights and measures.

There shall be a town sealer of weights and measures appointed by the town council. The powers and procedures of said office shall be as prescribed by law.

### Sec. 4. Emergency Management Agency.

There shall be a volunteer emergency management agency headed by a director who shall be appointed by the town manager and have such duties and responsibilities as set forth in state law.
(Amend. of 11-2-2010)

### Sec. 5. Department of public welfare.

There shall be a department of public welfare which shall perform the functions and services of the town relating to public welfare. The head of the department shall be the director of public welfare who shall be either the town administrator, or a person appointed by him. The director of public welfare shall have all the powers and duties relating to the poor, needy and dependant persons as may be vested in the department of public welfare and shall administer all welfare

statutes of the state or federal government, the administration of which is delegated to the town, or the director of public welfare.

(Amend. of 11-3-87)

   **State law reference**—Director of public welfare, G.L. 1956, § 40-7-1.

### Sec. 6. Housing authority.

The town council shall appoint members of the housing authority herein established in accordance with Chapter 45-26 of the General Laws, 1956, as amended.

### Sec. 7. Free public library.

The town council is authorized to accept on behalf of the town as a gift, the North Smithfield Free Public Library, and to provide for its operation in accordance with Chapter 29-4 of the General Laws, 1956, as amended, should same ever be offered to the Town of North Smithfield.

### Sec. 8. Conservation commission.

There shall be a conservation commission established in accordance with Chapter 45-35 of the General Laws, 1956, as enacted by Chapter 203 of the Public Laws, 1960, as amended, at such time as the town administrator with the approval of the town council shall direct. Members of such commission shall be appointed by the town administrator.

### Sec. 9. Economic development commission.

There may be established in the Town of North Smithfield an economic development commission at such time as the town administrator with the approval of the town council may direct.

(1)  *Organization:* The economic development commission shall be composed of five members, residents of the town sympathetic toward economic development within the town, appointed by the town administrator, each to hold office for the term of five years; provided, however, that the original selection shall be made for terms of one, two, three, four and five years respectively.

(2)  *Powers and duties:* Said commission shall organize at its first meeting held after appointments each year by electing a chairman and adopting its rules of procedure.

   The commission shall have the power to promote and encourage the location and development of new business in the town as well as the maintenance and expansion of existing business and for that purpose shall cooperate with state, other local agencies and individuals whether in the Town of North Smithfield or in other municipalities.

   The commission shall submit a report of its activities annually to the town administrator.

(3)  *Compensation:* Said commission shall serve without pay.

(Amend. of 11-2-2010)

**Sec. 10.  Sewer commission.**

There shall be a sewer commission established in accordance with the Public Laws of Rhode Island of 1973, Chapter 84, as amended.

(1) *Organization:* The sewer commission shall consist of five members each a qualified elector of the town, appointed by the town council for a term of five years. The original appointments shall be made for terms of one, two, three, four and five years respectively. Vacancies shall be filled in accordance with the act creating this commission. No employee of the town nor holder of any other office of the town shall be eligible to serve as a member of the board of sewer commissioners.

(2) *Powers and duties:* To provide sewer services with the Town of North Smithfield. To be responsible for the construction, alteration, repair, maintenance and operation relating to the functions and services within its jurisdiction as defined in the Public Laws of Rhode Island of 1973, Chapter 84, as amended.

(Amend. of 11-4-75)

**Sec. 11.  Other officers.**

There shall be such other officers and commissions of the town as the town council may establish by ordinance.

(Amend. of 11-4-75)

**ARTICLE XVI. GENERAL PROVISIONS**

**Sec. 1.  Amending the charter.**

Amendments to this charter shall be made in the manner provided by the constitution of the state in article of amendment, Article XXVIII, section 8.

**Sec. 2.  Specific provisions shall prevail.**

To the extent that any specific provision contained in this charter conflicts with any provision expressed in general terms, the specific provision shall prevail.

**Sec. 3.  Laws affecting officers.**

(1) Any powers, duties or functions which are required by law to be exercised, performed or administered by a particular officer or officers of the town shall be carried out by the officer or officers who by this charter or by ordinance or by law are responsible for the same, regardless of the title or designation of the office.

(2) All elected town officers shall be qualified electors of the town.

(3) The terms of office of all officers, members of boards, commissions and committees of the town appointed with the approval of or elected by the town council shall be concurrent with the terms of the town council unless otherwise provided in this charter.

### Sec. 4.  Oath of office.

Every officer of the town shall, before entering upon the duties of his office, take and subscribe to the following oath or affirmation, to be filed and kept in the office of the town clerk:

*"You* _____*(naming* the person)_____ *do solemnly swear* (or, affirm) *that you will be true and faithful unto this State and support the laws and Constitution of the United States; and that you will well and truly execute the office* (naming the office) *for the term for which you have been elected* (or appointed), *or until another be engaged in your place, or until you be legally discharged therefrom; so help you God* (or this affirmation you make and give upon peril of the penalty of perjury)."*

### Sec. 5.  Officials, bonds.

The town council shall require a bond, in such amount and with such surety as the town council may specify, from all persons entrusted with the collection, custody or disbursements of any of the town monies and may require such bond from such other officials and employees as it may deem advisable and all as required by law. The premiums on such bonds shall be paid by the town unless provided otherwise.
(Amend. of 11-2-2010)

### Sec. 6.  Publicity of records.

All records and accounts of every office, department, board, agency, or commission shall be open to public inspection at all reasonable times during business hours, except:

(1)   Records of the police department and solicitors office, disclosure of which would tend to defeat the lawful purpose which they are intended to accomplish.

(2)   Records and documents of the welfare office pertaining to case histories, the disclosure of which would tend to defeat the lawful purpose which they are intended to accomplish.
(Amend. of 11-4-75)

**Editor's note**—Although the amending enactment designated this section as § 6.1, it was treated by the editor as amending former § 6 and so has been numbered 6; and section designated as 6.2 in the ordinance, redesignated 6.1 by the editor.

### Sec. 6.1.  Copies of public records.

Any person inspecting public records shall be permitted to make written copies and abstracts of any public records. Any person shall also have the right to obtain a copy upon payment of a fee. Such fee shall be a reasonable charge for the preparation of the copy.

(Amend. of 11-4-75)
**Note**—See editor's note, § 6.

## Sec. 7. Separability clause.

If any section or part of a section of this charter shall be held invalid by a court of competent jurisdiction such holding shall not affect the remainder of this charter, nor the context in which such section or part of section so held invalid may appear, except to the extent that an entire section or part of section may be inseparably connected in meaning and effect with the section or part of section to which such holding shall directly apply.

## Sec. 8. Financial interest prohibited.

(a) *Contracts with the town:* No elected official or employee of the town, member of any board or commission of the town or resident of the town, holding elective or appointive office in or being in the employ of the state or federal government, except notaries public, members of the National Guard, and members of the Armed Forces shall except as in this charter, may be specifically provided:

(1) Directly or indirectly make any contract with the town, except his own employment contract.
(2) Receive any commission, discount, bonus, gift, contribution or award, or share in the profits of any person, corporation, or partnership making or performing such a contract.

(b) *Contracts by the town:* The town shall not enter into any contract with any elected official or employee of the town, member of any board or commission of the town, or resident of the town holding elective or appointive office in or being in the employ of the state or federal government, except notaries public, members of the National Guard and members of the Armed Forces, other than employment contracts.

(c) *Effect of stock ownership in contracting corporation:* When a contractor with the town shall be a corporation, the ownership of less than five percent of the stock or shares actually issued shall not be considered as involving an interest in the contract within the meaning of the foregoing sections.

(d) *Penalties:* Every contractual obligation incurred in violation of the provisions of this section shall be illegal and void. If any appointed official or employee of the Town shall knowingly undertake a contractual obligation in violation of the provisions of this section, it shall be grounds for his or her removal. -

(Amend. of 11-4-75)
**Editor's note**—The amendment of Nov. 4, 1975, designated the provisions herein lettered (a)—(d) as §§ 8.1—8.4, the latter section using the word "section" as including all four sections, and apparently superseding former § 8, which treatment has been accorded the amendment at the editor's discretion.

**Sec.  9.  Codification of ordinances.**

The town council, not later than January 1, 1972, and at least every tenth year thereafter, shall cause to be prepared a revision or codification of the ordinances of the town which are appropriate for continuation as local laws of the town. Such revisions or codification shall be prepared under the supervision of the town solicitor, but the town council may authorize the town solicitor to contract for the services of persons or organizations experienced in the revision and codification of ordinances and statutes.

**Sec.  10.  Appointment and discharge of subordinates.**

Unless otherwise provided in this charter, each elected officer, department head, board or other agency may appoint, dismiss, suspend or demote his or their deputies, clerks, assistants and subordinates serving under his or their supervision or control, subject to appeal to the board of personnel review as herein provided.

**Sec.  11.  Dual office holding.**

(1) No employee of the town shall hold an elective office in the town government while he is in the employ of the town.

(2) No person shall be eligible to hold any paid office or employment in the town government who holds any other town office or civil office—legislative, executive or judicial—in either the state or federal government, except that of notary public or member of the national guard or military reserve, except that this particular restriction (section 11(2)) may be waived by the appointing authority for good cause after a public hearing thereon.

**Sec.  12.  Printing of charter upon the ballot.**

It shall not be necessary for the full text of a charter or amendments to a charter to be printed upon the ballot. Any digest or description thereof or any question or statement which substantially expresses the purpose or identifies the subject matter to be voted upon shall be sufficient.

**Sec.  13.  Hours of work.**

All paid personnel holding office or employment in the town government, other than an elective office, shall be required to engage in the actual work of their offices or employments during regular business hours to the extent that their services may be necessary for the full and complete discharge of their duties. The town council, upon recommendation of the town administrator shall determine which officers and employees of the town shall not be required to devote their full time to the duties of their respective offices, except as provided by this charter.

**Sec.  14.  Tenure of office guaranteed.**                                    -

No tenure of office heretofore guaranteed by law to any employee of the Town of North Smithfield employed as of March 6, 1968 shall be abridged or diminished by the adoption of this charter, except that the removal of any person so employed for cause shall be in accordance with the provisions contained herein.

### Sec. 15.  Medical insurance for part-time officials or employees; funding.

No town funds shall be expended to purchase any life, health or medical insurance for any part-time elected or appointed officials or employees.
(Amend. of 11-3-87)

### Sec. 16.  Salary and related benefits for part-time elected officials.

The salary and related benefits approved by the town council shall serve as the maximum allowed amounts to be expended for all part-time elected officials.
(Amend. of 11-3-87; Amend. of 11-2-2010)

### Sec. 17.  Right to enact ordinances.

The right to enact ordinances is hereby granted to the qualified electors of the town by initiative, provided that such power shall not extend to the budget or capital programs or to any ordinance relating to the appropriation of money, or to the levy of taxes or to the salaries and benefits of town officials or employees. The initiative shall be exercised in the following manner:

(a)  Whenever 500 qualified electors of the town petition the town council to enact a proposed ordinance, it shall be the duty of the town council to consider such proposed ordinance within 70 days of receipt. Receipt, for the purpose of this subsection, shall be defined as the reading of said petition at the next regularly scheduled meeting of the town council.

(b)  The signatures on any initiative petition provided for in this subsection may be on separate papers; provided, however, that each such separate paper shall contain a full and correct copy of the title and text of the proposed ordinance and all such separate papers shall be bound together and filed as one instrument with the town clerk. To each said separate paper there shall be attached a signed statement of the circulator thereof, who states therein under oath, that each signature appended to said paper was made in the presence of the circulator.

(c)  In the event that the town council shall fail to enact such proposed ordinance without amendment, and upon the receipt by the town clerk of a notarized referendum petition signed by an additional five percent of the qualified electors of the town, the town council shall submit such proposed ordinance to a vote of the people of the town at the next general election; provided, however, that said ballot referendum petition must be filed at least 60 days prior to the date fixed for such general election.

(d)   The ballots used when voting upon such proposed ordinance shall include an ordinance title which shall state the purpose or intent of such ordinance, the question, "Shall the ordinance pass?" and shall set forth on separate lines the words "Yes" and "No."

(e)   If a majority of the electors voting on the proposed ordinance shall vote in favor thereof, such ordinance shall thereupon become a valid binding ordinance of the town; an ordinance so adopted shall not be altered or modified by the town council within one year after the adoption of the ordinance at said general election.

(f)   The town council may, by ordinance, make such other further regulations for carrying out the provisions of this section as are not inconsistent herewith.

(Res. of 11-8-94)

## Sec. 18. Gender References.

Whenever the context so requires, reference herein to the masculine gender shall include the feminine gender and vice versa or in either case the neuter; and the singular shall include the plural and vice versa.

(Amend. of 11-2-2010)

## ARTICLE XVII. SUCCESSION IN GOVERNMENT

### Sec.  1.  Continuation of laws.

The laws of the state in their application to the town shall continue in effect, except insofar as they are inconsistent with the provisions of this charter or any legally adopted ordinance of the town.

### Sec.  2.  Continuation of ordinances.

All ordinances, resolutions, rules and regulations of the Town of North Smithfield in force at the time when this charter takes effect, not inconsistent with the provisions of this charter, shall continue in force until amended or repealed.

### Sec.  3.  Continuation of tax obligation.

All taxes levied or assessed by the town prior to the effective date of this charter, which have not been collected by the town, shall be collected with any penalties thereon, by the town government hereby established, in accordance with law.

### Sec.  4.  Transfer of records and property.

All records, property and equipment whatsoever of any office, department or agency or part thereof, the powers and duties of which are assigned in whole or in part thereof to another office, department or agency by this charter, shall be transferred and delivered forthwith to the office,

department or agency to which such powers and duties are so assigned.

### Sec. 5. Continuance of contracts and obligations.

All leases, contracts, franchises and obligations entered into by the town or for its benefit, prior to this charter taking effect, shall continue in full force and effect.

### Sec. 6. Pending actions and proceedings.

No action or proceeding, civil or criminal, in law or in equity pending at the time when this charter shall take effect, brought by or against the town or any office, department or agency thereof, shall be affected or abated by the adoption of this charter or by anything in said charter contained.

## ARTICLE XVIII. INAUGURATION OF NEW CHARTER GOVERNMENT

### Sec. 1. Effective date.

For the purpose of nominating and electing the elective officers of the town and public schools this charter shall be in effect from and after its approval by the electors and validating of election procedures by the General Assembly.

For the purposes of the selection and term of the town clerk, the effective date of the selection and term of the town clerk, the organization of the police department, the establishment of the judge of probate and the time of holding the financial town meeting and any other provisions herein which may require validation, this charter shall be in effect from and after its approval by the electors, validation of same by the General Assembly and after the first day of December following certification by the board of canvassers of the first officers elected under this charter in November 1969, but not before December 1, 1969.

For all other purposes this charter shall be in effect from and after the first day of December following certification by the board of canvassers of the first officers elected under this charter in November 1969, but not before December 1, 1969.

The terms of office of all town officers shall cease and terminate upon the effective date of this charter regardless of whether such officers previously were elective or appointive.

All boards, commissions and committees are abolished upon the taking effect of this charter, except the board of canvassers and registration, and any boards, commissions or committees hereby created shall be appointed or constituted in the manner provided therefor.

The council upon taking office shall appoint by resolution the several officers whose appointments are required by this charter to be made by the council.

All other personnel and employees of the town shall continue to perform their duties until

reappointed or until successors to their respective duties are appointed in the manner provided by this charter.

## Sec. 2. Transfer of appropriation.

The town council shall have authority to make any changes or transfers in appropriations existing when this charter takes effect which may be required for the operation of the town government under the provisions of this charter.

## Sec. 3. Ordinances to implement charter.

The town council shall proceed to enact or adopt as promptly as possible all ordinances, resolutions, rules and regulations which may be necessary to implement the provisions of this charter.

gNorthSmithfieldNorthSmithfieldCharterN&Sfinal