UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON A. RICHER,
    Plaintiff

v.                                                                         C.A. No. 15-162-L-PAS

JASON PARMELEE, as the Finance
Director of THE TOWN OF NORTH
SMITHFIELD, THE TOWN OF NORTH
SMITHFIELD, and STEVEN E.
REYNOLDS in his official capacity
as Chief of the NORTH SMITHFIELD
POLICE DEPARTMENT,
    Defendants.

## DEFENDANTS' SUR-REPLY MEMORANDUM OF LAW

### I. Background

Defendants submit this sur-reply memorandum to briefly respond to Plaintiff's citation to Razzano v. County of Nassau, 765 F. Supp. 2d 176 (E.D.N.Y. 2011), and to address the post deprivation remedy provided by R.I. Gen. Laws § 12-5-7. With respect to any other issue, Defendants rely on the arguments outlined in their response to Plaintiff's motion for summary judgment.

### II. Razzano and Deprivations Caused by Conduct Pursuant to a Government Procedure

In his reply memorandum, Plaintiff contends that Defendants have admitted to seizing Plaintiff's guns pursuant to a safekeeping policy.[1] Plaintiff argues that "post-deprivation remedies do not satisfy due process when the deprivation of property is caused by conduct pursuant to established government procedure . . . ." Plaintiff's Reply at 19. Razzano, however, contradicts Plaintiff's assertion concerning deprivations caused by conduct pursuant to government procedures.

---

[1] Defendants contend that Plaintiff has not met his initial summary judgment burden of establishing a policy. Furthermore, Defendants dispute the existence of the policy as identified in Plaintiff's statement of undisputed facts.

1

"[E]ven when the defendants are acting pursuant to established procedures, if a pre deprivation due process hearing is impossible or impractical, <u>or the necessity of quick action exists</u>, a post deprivation remedy may be adequate." <u>Harris v. City of Akron</u>, 20 F.3d 1396, 1401 (6th Cir. 1994) (emphasis added); <u>see</u> <u>also</u> <u>Furrow v. Magnusson</u>, No. 91-1585, 1992 U.S. App. LEXIS 15180 (1st Cir. 1992) (where deprivation was pursuant to established state procedure, post deprivation remedy could only satisfy due process if the necessity of quick action justified bypassing any pre deprivation process); <u>Newman v. Sathyavaglswaran</u>, 287 F.3d 786, 799 (9th Cir. 2002) ("absent . . . the necessity of quick action by the state or the impracticality of providing any predeprivation process," the deprivation of property resulting from a state procedure does not meet due process requirements without a predeprivation hearing) (internal quotation marks and citation omitted); <u>Collins v. City of Cleveland</u>, No. 1:11CV2221, 2012 U.S. Dist. LEXIS 153518 (N.D. Ohio Oct. 24, 2012) ("[p]laintiffs rely on <u>Parratt</u> [v. Taylor, 451 U.S. 527 (1981)] to argue that the availability of post-deprivation remedies is insufficient when property deprivations are caused by established state procedures . . . . This reliance is unfounded."). <u>Razzano</u> stands for the proposition that, where a deprivation is caused by conduct pursuant to a government policy, and the State must act quickly, an adequate post deprivation hearing satisfies the requirements of procedural due process. <u>Razzano</u>, 765 F. Supp. 2d 176.

In <u>Razzano</u>, Nassau County police seized (and retained) weapons from a threatening and mentally unstable individual. <u>Razzano</u>, 765 F. Supp. 2d at 179-181. The plaintiff in <u>Razzano</u>, however, was not arrested or charged with a crime. <u>Id.</u> at 181. The plaintiff filed a federal court complaint challenging the seizure and retention of his weapons. <u>Id.</u> The thrust of the plaintiff's complaint was that the Due Process Clause of the Fourteenth Amendment required Nassau

County to provide him with a meaningful and timely post deprivation hearing for the return of his weapons. Id. at 181-82.

Before the court began its Due Process analysis, the court held that the deprivation of property was pursuant to a government policy. Id. at 186. In its Due Process analysis, the Razzano court began with the premise that pre deprivation process may "not be required when, among other things . . . exigent circumstances [exist] necessitating very prompt action." Id. (internal quotation marks omitted). The court concluded that a pre deprivation hearing was not required because the "very nature of seizing guns renders it impractical to require the police to hold hearings before taking . . . deadly weapons away from an individual." Id.; see also Furrow, 1992 U.S. App. LEXIS 15180 at *9 (noting "there can be no quarrel with the urgent need for quick action to seize . . . weapons"). Thus the Razzano court concentrated "solely on the adequacy of the post-deprivation remedies available" under state law. Id. at 186.

The Razzano court analyzed the post deprivation state law remedies available to the plaintiff for the return of his weapons pursuant to Mathews v. Eldridge, 424 U.S. 319 (1976). Generally, according to Mathews, determining what process is due requires courts to consider (1) the private interest affected by the state action; (2) the risk of erroneous deprivation through the procedures used and the value of additional safeguards, and (3) the government's interest in taking the challenged action. Razzano, 765 F. Supp at 186; see also Gabrilowitz v. Newman, 582 F.2d 100 (1st Cir. 1978) (noting Mathews factors).

The Razzano court first acknowledged that the plaintiff had a property interest in his weapons. Id. at 188. In reviewing the second Mathews factor, however, the court concluded that the post deprivation remedies available under New York law were constitutionally inadequate because they posed a *significant* risk of erroneous deprivation. Id. at 188-89. Razzano held that

the available remedies under New York law (1) imposed an improper arbitrary high standard on the plaintiff for the return of the weapons; (2) took a "substantial" amount of time; (3) placed the burden of going forward on the plaintiff; and (4) required the plaintiff to hire an attorney to initiate a lawsuit for the return of the weapons. Id.

In evaluating Mathews third factor, the court found that the government had a "critical" and "substantial" public safety interest in keeping weapons from a dangerous or threatening individual. Id. at 189. The court, however, concluded that because the plaintiff was not restricted from obtaining other weapons by the County, the government's public safety interest in keeping the plaintiff's weapons was somewhat "diminished." Id. at 189.

After the court reviewed the insufficient state law remedies, the court evaluated the plaintiff's proposed alternative safeguards. Id. at 189. The plaintiff argued that he was entitled to a "prompt due process hearing . . . ." Id. The court ultimately concluded that an individual whose weapons were seized was entitled to a prompt post deprivation hearing. Id. The Razzano court determined that a prompt due process hearing would have "significant value in preventing erroneous deprivation" by providing the owner of confiscated weapons a timely and inexpensive forum to challenge the government's retention of the weapons. Id. at 189-190. Furthermore, the court concluded that the burden of proving the state's right to hold an individual's property must be "appropriately placed on the government." Id. The court then summarized the particular requirements of the due process hearing. Id. at 190-91.[2]

---

[2] The Razzano court concluded that the prompt post deprivation hearing (1) must be before a neutral decision maker; (2) the right to the prompt hearing only applied to property (a) not evidence of, an instrument of, or fruit of a crime; (b) not contraband; or (c) not barred by a court order from being possessed by the person from whom it was confiscated; (3) the County had the burden to show that it was likely to succeed on a cause of action; and (4) if the individual deprived of the property prevailed at the due process hearing, the property must be returned to the individual, if the County prevailed, the County must commence a proceeding to maintain possession of the property. Razzano, 765 F. Supp. 2d at 191.

4

### III.  R.I. Gen. Laws § 12-5-7 and Mathews

Courts do not "approach the Mathews factors in a vacuum" as due process is "malleable" and only calls for procedural protections as the particular situation demands.  <u>In re Nineteen Appeals</u>, 982 F.2d 603 (1st Cir. 1992).  Because due process is flexible, an adequate post deprivation remedy in this matter need not meet the particular requirements of the "prompt due process" hearing outlined in <u>Razzano</u>, the post deprivation remedy need only be consistent with constitutionally adequate process.  <u>See</u> <u>generally</u>  <u>id.</u>  Defendants submit that Plaintiff had a prompt post deprivation remedy available to him that was consistent with the requirements of constitutionally adequate process.  <u>See</u> R.I. Gen. Laws § 12-5-7.

R.I. Gen. Laws § 12-5-7, titled "Disposition of seized property," provides for the return of seized property.  Section 12-5-7 provides

> Disposition of seized property.
>
> (a) The property seized shall be safely kept by the officer seizing it, under the direction of the court, so long as may be necessary for the purpose of being used as evidence in any case.
>
> (b) As soon as may be thereafter, if the property is subject to forfeiture, further proceedings shall be had on the property for forfeiture as is prescribed by law in chapter 21 of this title.
>
> (c) If the property seized was stolen or otherwise unlawfully taken from the owner, <u>or is not found to have been unlawfully used or intended for unlawful use</u>, or is found to have been unlawfully used without the knowledge of the owner, <u>it shall be returned to the person legally entitled to its possession</u>.

R.I. Gen. Laws § 12-5-7 (emphasis added).  Section § 12-5-7 clearly and unequivocally provides that if "the property seized . . . is not found to have been unlawfully used or intended for unlawful use. . . it shall be returned to the person legally entitled to its possession."  <u>Id.</u>; <u>see generally</u> <u>Shine v. Moreau</u>, 119 A.3d 1 (R.I. 2015) (when the language of a statute is clear and unambiguous, a court must give the words their plain and ordinary meaning).

5

Although Chapter 5 of Title 12 of the Rhode Island General Laws is titled "Search Warrants," Rhode Island courts have liberally applied § 12-5-7.  Section 12-5-7 "relates to property which was properly seized by the police."  State ex rel. Ricci v. Gottschalk, 341 A.2d 45, 46 n.1 (R.I. 1975).  Rhode Island courts have applied § 12-5-7 in situations of seizures pursuant to (1) a search warrant, State v. Shore, 522 A.2d 1215 (R.I. 1987); State v. DeMasi, 447 A.2d 1139 (R.I. 1982); (2) an arrest, State v. Rushlow, 72 A.3d 868 (R.I. 2013); Gottschalk, 341 A.2d 45; State v. Evans, C.A. No. P2/91-3205A, 1995 R.I. Super. LEXIS 139 (R.I. Super. Ct. December 20, 1995); and, (3) an impoundment, Santiano v. Auto Placement Center Inc., 379 A.2d 368 (R.I. 1977).  Noting the liberal application of § 12-5-7, it is clear that the procedures governing the disposition of seized property pursuant to § 12-5-7 would be available to Plaintiff. See generally Mora v. City of Gaithersburg, 462 F. Supp. 2d 675 (D. Md. 2006), modified on other grounds, 519 F.3d 216 (4th Cir. 2008) (warrantless searches validly conducted pursuant to a recognized exception to the warrant requirement essentially equate to searches conducted pursuant to a warrant).

In order to request the return of property seized by a police department in Rhode Island, an individual need only file a motion to restore property pursuant to § 12-5-7.  Rushlow, 72 A.3d 868.  The District Court has the jurisdiction to hear a motion to restore property pursuant to § 12-5-7.  Shore, 522 A.2d 1215.  Under § 12-5-7, the "seizure of property from an individual is prima facie evidence of that individual's entitlement to the property."  Rushlow, 72 A.3d  at 869 (internal quotation marks omitted) (emphasis added).[3]

> [C]ompetent legal evidence must be presented at a hearing so that the [court] . . . may determine whether the government has any right to retain the seized property.  It is the state's burden to show that the property is necessary to the success of an active criminal investigation, is going to be used as evidence in a

---

[3] In Rushlow, the defendant was found guilty of first degree sexual assault in Rhode Island Superior Court.  The defendant filed the motion to restore in Superior Court.  Rushlow, 72 A.3d 868.

6

> pending criminal trial, or is subject to forfeiture.[4]  As such, it follows that the burden also falls on the state to show that the property [has been unlawfully used or intended for unlawful use] to prevent such property from being returned.

Id. at 869 (emphasis added) (internal quotation marks omitted).  "[I]f the state does not present serious reasons to doubt the individual's entitlement . . . and does not produce evidence to substantiate its claim, the individual need not come forward with additional evidence of ownership."  Id. (internal quotation marks omitted); see also Shore, 522 A.2d 1215 (in order for the government to maintain possession of an individual's personal property it must show a connection between the property and criminal activity and that the property is necessary to the success of an active criminal investigation, is going to be used as evidence in a pending criminal trial, or is subject to forfeiture).  If the state does not meet its burden, the property must be returned.  Rushlow, 72 A.3d 868.  A hearing on a motion to restore property is prompt.  See Rushlow, 72 A.3d at 868 (noting that the motion to restore was filed in December 2010 and the hearing was held in January 2011).

Defendants do not dispute that Plaintiff had a property interest in his weapons.  See generally Mathews, 424 U.S. 319.  A motion to restore seized property filed pursuant to § 12-5-7, however, does not present a risk of erroneous deprivation for several reasons.  See generally Mathews, 424 U.S. 319.  First, an individual does not need to engage an attorney to file a motion pursuant § 12-5-7; filing a motion is relatively straightforward.[5]  Second, the government has the burden of overcoming the prima facie evidence that the individual is entitled to the property.  Rushlow, 72 A.3d 868.  If the government does not present evidence to substantiate its claim, the property must be returned.  Id.; § 12-5-7.  Consequently, unless the government presents evidence to substantiate its claim; the motion is in essence a pro forma exercise by the individual

---

[4] If the state meets it burden with respect to forfeiture, "further proceedings shall be had on the property for forfeiture as is prescribed" by the Rhode Island statutory scheme governing forfeiture.  R.I. Gen. Laws § 12-5-7(b).
[5] Plaintiff would file a case in District Court and file a motion in the case.

for the return of the property. Third, a hearing pursuant to § 12-5-7 is timely. See Rushlow, 72 A.3d 868. The state has provided Plaintiff with a timely forum to challenge the retention of his weapons. Since there is little, if any, risk of erroneous deprivation additional safeguards are not necessary. See generally Matthews, 424 U.S. 319.

The government has a substantial public safety interest in keeping guns from individuals in a highly emotional and suicidal state of mind. See generally Mathews, 424 U.S. 319. Razzano found that the government's interest in keeping guns out of the hands of threatening or mentally unstable individuals was both critical and substantial. Razzano, 765 F. Supp. 2d at 189. As noted, however, the Razzano court found that that interest was somewhat diminished by the fact that the government had not restricted the individual's access to other weapons. At the time of the seizure, however, the government's interest is not diminished. That interest, if it is diminished by Plaintiff's access to *other* weapons, becomes diminished only with the passage of time. The government's interest, however, is *magnified* by the "necessity of quick action" to remove the weapons -- a means of perpetrating violence, harm and loss of life -- at least temporarily -- from an individual who is distraught and has threatened suicide.

In sum, there is a private property interest involved in this matter; the risk of erroneous deprivation is insubstantial, and the government's interest is significant. In order to claim his property, Plaintiff could have filed a motion to restore property pursuant to § 12-5-7. By filing a motion, Plaintiff is presumed to be the owner of the weapons. Rushlow, 72 A.3d 868. If the state did not prove otherwise, the property would have been returned to Plaintiff. Id. Thus, this remedy may have returned the property to Plaintiff promptly. Id. A motion to restore property pursuant to Section 12-5-7 meets the constitutional requirements of an adequate post deprivation

remedy in light of the timely opportunity to be heard, the state's burden, and the exigent circumstances involved in this matter.

### IV.  Other Similar Remedies Found Consistent with Due Process Requirements

Similar post deprivation hearings to restore seized property have been held to be consistent with the requirements of procedural due process.  Pennsylvania Rule of Criminal Procedure 588 provides:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of property on the ground that he or she is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon.  If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pennsylvania Rule of Criminal Procedure Rule 588.  Rule 588 applies in instances where property has been seized yet no criminal charges are filed.  Commonwealth v. Fontanez, 739 A.2d 152 (Pa. 1999).[6]  "Courts have consistently held that Pennsylvania Rule of Criminal Procedure 588 provides an adequate post-deprivation remedy to cure an improper seizure of property."  Lewis v. Heckler, Civil Action No. 11-6492, 2012 U.S. Dist. LEXIS 65673, *9 (E.D. Pa. May 10, 2012) (internal quotation marks and citation omitted); see also McKenna v. Portman, 538 F. App'x 221, 225 (3d Cir. 2013) (unpublished) ("Pennsylvania Rule of Criminal Procedure 588 provides an adequate post-deprivation remedy when police seize property pursuant to an investigation")[7]; Ochner v. Stedman, 572 F. App'x 143 (3d Cir. 2014)

---

[6] The Fontanez court discussed Pennsylvania Rule of Criminal Procedure 324(a) which was renumbered Rule of Criminal Procedure 588 effective April 1, 2001.  In re Return of Property Confiscated October 30, 1999 From 411 East Mac Dade Boulevard, 856 A.2d 238, 252 n.5 (Pa. Commw. Ct. 2004).

[7] The McKenna court specifically noted that the plaintiffs "received a hearing [pursuant to Penn. Rule of Criminal Procedure 588] within two months" and obtained an order directing return of the property.  McKenna, 538 F. App'x at 225.

(unpublished) (summarizing a state court action where a seizure pursuant to a policy was subject to a Rule 588).

> Under Pennsylvania Rule of Criminal Procedure 588(A), [a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of [his or her] property on the ground that he or she is entitled to lawful possession thereof.  <u>The existence of this remedy provides an aggrieved individual with the 'due process' to which he or she is constitutionally entitled. Because Rule 588(A) is generally available and may be accessed by anyone, the [d]efendants were not constitutionally required to inform [plaintiff] of its existence.</u>

<u>Ickes v. Grassmeyer</u>, 30 F. Supp. 3d 375, 393 (W.D. Pa. 2014) (internal quotation marks and citation omitted) (emphasis added).

### **V.  Adequate Remedy Under State Law**

A procedural due process claim is not "actionable unless . . . no adequate post deprivation remedy is available under state law." <u>Perez-Ruiz v. Crespo-Gullen</u>, 25 F.3d 40, 42 (1st Cir. 1994) (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Reid v. New Hampshire</u>, 56 F.3d 332, 341 (1st Cir. 1995) (a "procedural due process claim may not be redressed under section 1983 where an adequate state remedy exists"); <u>see</u> <u>generally</u> <u>Rumford Pharmacy v. East Providence</u>, 970 F.2d 996 (1st Cir. 1992).  Before Plaintiff may assert an actionable due process claim he must take "advantage of the processes that are available to him . . . unless those processes are unavailable or patently inadequate." <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir. 2000).  If "there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." <u>Id.</u>; <u>see also</u> <u>Acevedo-Concepcion v. Irizarry-Mendez</u>, Civil No. 09-2133 (JAG), 2013 U.S. Dist. LEXIS 90742, *19 n.5 (D.P.R. June 25, 2013) ("plaintiff should not be able to bring a procedural due process claim without exhausting all available and adequate state remedies for that violation").

## VI.  Conclusion

Even if Plaintiff had established that his property was seized pursuant to a policy, Plaintiff's motion for summary judgment must be denied because Plaintiff had a constitutionally adequate post deprivation remedy available to him under state law which he did not pursue.

>
> Defendants,
> By their attorneys,
>
>
> */s/ Marc DeSisto*
> Marc DeSisto, Esq. (#2757)
> DESISTO LAW
> 211 Angell Street
> Providence, RI 02906
> (401) 272-4442
> (401) 272-9937 fax
> marc@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 9th day of November, 2015, and is available for viewing and downloading from the ECF system.

> Thomas W. Lyons, Esq. #2946
> tlyons@straussfactor.com
>
> Rhiannon S. Huffman, Esq.
> rhuffman@straussfactor.com

>
> */s/ Marc DeSisto*
> Marc DeSisto