UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON A. RICHER, : | |
|     Plaintiff : | |
| : | |
| v. : | C.A. No.  15-162 |
| JASON PARMELEE as the Finance Director of : | |
| THE TOWN OF NORTH SMITHFIELD, : | |
| TOWN OF NORTH SMITHFIELD, and : | |
| STEVEN E. REYNOLDS in his official : | |
| capacity as Chief of the NORTH SMITHFIELD : | |
| POLICE DEPARTMENT : | |
|     Defendants : | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION TO AMEND THE COMPLAINT

Pursuant to F.R.C.P. 15(a)(2), Plaintiff hereby moves to amend the complaint in the form attached as a Second Amended Verified Complaint.  The Rule provides that with respect to such a motion: "The court should freely give leave when justice so requires." As one treatise has said, in such circumstances, "…the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted."  Baicker-McKee, Janssen, Corr, Federal Civil Rules Handbook 2016, p. 577 (Thomson Reuters 2016), citing Foman v. Davis, 371 U.S. 178 (1962); see also Hatch v. Department of Children, Youth & Families, 274 F.3d 12, 19 (1st Cir. 2001); Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 127-28 (D.R.I. 2004) (Lagueux, J.) (in civil rights cases, trial court should liberally allow amendments and apply "relation back" doctrine).

Here, the amendments to the complaint would clarify and add some facts that have been raised in Plaintiff's summary judgment motion or Defendants' objection.  The amendment would delete Plaintiff's request for an order returning his firearms to him as Defendants have already

done that.  The amendment would clarify that Plaintiff seeks monetary damages for the loss of use of his firearms.

The amendment would also clarify that Plaintiff is asserting a claim under the Fourth Amendment of the United States Constitution, as well as Art. 1, Sec. 6 of the Rhode Island Constitution.  Finally, the amendment would also clarify that Plaintiff alleges a private right of action for violation of the Rhode Island Firearms Act, pursuant to R.I.Gen.L. § 9-1-2.  Both of these legal points were also raised as a result of Plaintiff's summary judgment motion.  Accordingly, there would be no prejudice to Defendants.

## CONCLUSION

The Court should grant Plaintiff's motion to amend the complaint.

Respectfully submitted,
**JASON RICHER**
By his attorneys,

/s/ Thomas W. Lyons
Thomas W. Lyons            #2946
Rhiannon S. Huffman        #8642
RHODE ISLAND AFFILIATE,
AMERICAN CIVIL LIBERTIES UNION
Strauss, Factor, Laing & Lyons
One Davol Square, Suite 305
Providence, RI 02903
(401) 456-0700
tlyons@straussfactor.com

## **CERTIFICATION**

I hereby certify that on January 6, 2016 a copy of the foregoing was filed and served electronically on all registered CM/ECF users through the Court's electronic filing system and served by email on Marc DeSisto, Esq., attorney for defendants. Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas W. Lyons

2