





**Search recent stories:**

**Search the Archives:**

Advanced Search

4/29/2015

# Mowry Road resident at center of suit against NSPD over seizure of guns

By **SANDY SEOANE**, Valley Breeze Staff Writer

NORTH SMITHFIELD - Can a police department seize properly registered weapons and require the owner to go to court to get them back - particularly when no laws were broken prior to their seizure?

The question is at the heart of a lawsuit filed last week by the American Civil Liberties Union against the North Smithfield Police Department.

The suit was filed on behalf of resident Jason Richer, the same man who convinced local officials to turn Mowry Road into a one-way street last year. The controversial traffic pattern change was the subject of a front page story in last week's edition of The Valley Breeze.

Now it seems Richer is at the center of another local controversy, over a 2008 incident in which police officers seized three guns from his then-home on Mattity Road.

The suit, filed in federal district court on April 21 by Rhode Island ACLU volunteer attorney Thomas W. Lyons, charges that officers violated Richer's Second Amendment right to bear arms and his right to due process by retaining his property without just cause, and seeks the return of three guns that were seized some six years ago.



According to documents filed by Lyons with the court, in September 2008, police responded to Richer's house when his now ex-wife called to express concern that he had tried to harm himself.

"Although Richer explained that he was not suicidal and that his wife had misconstrued a conversation they had, police forced him to submit to a mental health evaluation at Landmark Hospital," a press release on the suit explained. "The doctor who saw him there discharged him shortly after his arrival, and no charges were ever filed or any other action taken. In the meantime, police seized 'for safe keeping' three lawfully registered guns from a locked case in Richer's garage. Two months later, when Richer tried to retrieve the guns, police refused to return them, telling him he would need to obtain a court order."

Court documents state that Richer, a disabled Air Force veteran and father of three, had a Remington 1100 shotgun, legally obtained from Edgar's Sporting Goods in Woonsocket in 1979. He also owned a Thompson Center .50 caliber

**Today's Advertisements**

- Ye Olde English Fish & Chips
- Town of Smithfield Planning Board
- Kams Furniture
- Catanzaro's Pizzaria
- Eco Depot

**View All of Today's Ads**





black powder muzzle loader, purchased in 1993 from Bullseye Shooting Supplies in Woonsocket, and a .22 caliber bolt action rifle, which previously belonged to his now-deceased father.

The suit states that Richer, a former military marksman, had completed a hunter safety course and had the weapons stored in a locked case within a locked room.

Asked to comment on the suit this week, Capt. Tim Lafferty said that Richer was asked to file in district court for restoration of property, a normal process aimed at protecting the town from liability. If no one from the department objects - and Lafferty says in Richer's case no one would have - then the court typically grants the request.

"It's not that we don't want to give him back his weapons. We just need to make sure the town is covered liability-wise," Lafferty said.

According to officials from the ACLU, both Richer's ex-wife and a psychologist provided letters to the department in support of returning the guns to him, but the department still refused to do so.

Lafferty, however, who took on the issue after he was promoted to captain two years ago, said he was unable to verify the letter from Richer's psychologist because he's no longer in practice.

"I've been talking to Mr. Richer for over the past year and I never told him he couldn't get them back," Lafferty said.

The suit documents Richer's attempts to retrieve the guns without litigation, stating that repeated attempts to obtain his property were rebuffed or ignored. In March, ACLU officials say they wrote a letter to Police Chief Steven Reynold's on Richer's behalf, but also received no response, prompting the filing of the lawsuit.

The lawsuit claims that the police department's practice of requiring "weapons owners who are not charged with a crime to engage in formal litigation in order to recover their seized property" violates Richer's due process and Second Amendment rights. The suit seeks a court order declaring the police department's practice unconstitutional and requiring the return of his weapons, as well as an award of monetary damages.

"The North Smithfield Police Department has no legitimate reason to keep these guns. This is a clear violation of Mr. Richer's constitutional rights," said Lyons.

Richer added, "I am resolved to do all I can to end the unconstitutional practices and procedures employed by the North Smithfield Police Department. From the moment my firearms were seized, I have been asked to prove that I am fit to have them returned, and all the proof I have provided has been dismissed and ignored. This flies in the face of the presumption of innocence we enjoy as Americans. This practice must be stopped."

In 2012, the ACLU reportedly filed a virtually identical suit against the Cranston Police Department, which settled the case by returning the weapons that had been unlawfully held, agreeing to make any necessary repairs to the weapons while they had been confiscated, and paying monetary damages and attorneys' fees.

"Police cannot seize a person's property for safekeeping and then keep it indefinitely," said ACLU of R.I. Executive Director Steven Brown. "Mr. Richer has been extraordinarily patient, yet the police have done nothing but make excuses about returning his property to him. Police departments must learn that the Constitution simply does not allow them to arbitrarily keep the property of innocent residents."

Lafferty said he is currently working with town solicitor David Igliozzi to address the issue.

"It hasn't been a fast process - I do admit that," Lafferty said. "But I care about the town's liability. You have to weigh it."

Log in or register to post comments

## Comments

### Spot On Captain !

Permalink | Submitted by Craig A. Charbonneau on Thu, 2015-04-30 09:14

"It's not that we don't want to give him back his weapons. We just need to make sure the town is covered liability-wise," Lafferty said.

The last thing North Smithfield needs is another lawsuit. Thank you Sir!

Log in or register to post comments

### Wrong Way

Permalink | Submitted by kcinri6876 on Thu, 2015-04-30 16:24

This guy gets his guns and ammo back, he'll shoot you if you drive down the wrong way on Mowry Road! Watch out! I can see the media now: Ex-Airforce Vet shoots down little old lady for going the Wrong Way.

Loose cannon.

Log in or register to post comments

### 2008?

Permalink | Submitted by sotired on Wed, 2015-05-06 06:24

This is such embarrassment for the NSPD. 7 years, no charges, give the man back his property and pay him for police stupidity. If he wanted to hurt somebody he could have bought a gun over the last 7 years. "Liability"? I hope he sues the department and is awarded compensation. I do not want to live in a country where the government can come into your home confiscate private property and keep it. No charges ever files, atrocious!

Log in or register to post comments

© 2016 Breeze Publications, Inc. All Rights Reserved. | 6 Blackstone Valley Place, Suite 204, Lincoln, RI 02865 | Top of Page