UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON A. RICHER,
    *Plaintiff,*

v.                                                                             C.A. No. 15-162-M

JASON PARMELEE, as the Finance
Director of THE TOWN OF NORTH
SMITHFIELD, et al,
    *Defendants.*

## DEFENDANTS' SUR-REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMOARNDUM OF LAW

Defendants cited State v. Ziliak, 464 N.E.2d 929 (Ind. Ct. App. 1984), in Defendants' supplemental memorandum of law in response to Plaintiff's motion for partial summary judgment.  See Defendants' Supplemental Memorandum at 5-6; Docket #32.  Defendants cited Ziliak in their R.I. Gen. Laws § 9-1-2 argument because (1) Indiana had a state statute that provided civil remedies to crime victims (similar to § 9-1-2), and (2) Ziliak held that because a crime is an offense against the sovereign, it was self-evident that the sovereign could not commit a crime.  Ziliak, 464 N.E.2d at 930.

In Plaintiff's supplemental memorandum of law, Plaintiff cited Brownsburg Community School Corp. v. Natare Corp., 808 N.E.2d 148 (Ind. Ct. App. 2004), arguing that Brownsburg distinguished Ziliak because Ziliak involved a claim against the state of Indiana and not a municipality.  See Plaintiff's Supplemental Reply at 5; Docket #34.  Plaintiff also appeared to argue that Brownsburg held that municipalities could be held liable under statutes like R.I. Gen. Laws §§ 9-1-2 and 11-47-1 et seq.  See Plaintiff's Supplemental Reply at 5 (citing Brownsburg and noting that "[o]ther courts have held that municipalities or similar entities can be liable under analogous statutes").

The Indiana Court of Appeals decision in Brownsburg was, however, reversed by Brownsburg Community School Corp. v. Natare Corp., 824 N.E.2d 336 (Ind. 2005). With respect to the particular issue Defendants argued in their supplemental brief, Brownsburg held that

> Natare argues, and the Court of Appeals agreed, that Ziliak is inapposite here because it dealt with a claimed crime by the State itself, and did not address whether a subdivision of the State could commit a crime. We find no authority supporting such a distinction. For the reasons expressed . . . we believe neither the State nor any other governmental entity is subject to criminal provisions of Indiana statutes without the legislation making that result absolutely clear.

Id. at 341 (citation omitted) (emphasis added). Furthermore, the Indiana Supreme Court held that Ziliak was consistent with other United States jurisdictions in "rejecting the possibility of a crime by the government." Id. at 342. "We have found no criminal code in this country that imposes criminal liability on the sovereign . . . ." Id. Brownsburg concluded that, in the absence of specific legislative direction, Ziliak correctly held that the "legislature did not contemplate a violation of a criminal prohibition by a governmental entity." Id. at 342-43.

Defendants submit that both Ziliak and Brownsburg support their position that a municipality cannot commit a criminal act and thus Plaintiff cannot show that the Town committed the criminal act prerequisite to bring this matter within the terms of R.I. Gen. Laws § 9-1-2.

Defendants,
By their attorneys,


*/s/ Patrick K. Cunningham*
Patrick K. Cunningham, Esq. (#4749)
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
(401) 272-9937 fax
patrick@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 23rd day of February, 2016, and is available for viewing and downloading from the ECF system.

Thomas W. Lyons, Esq. #2946
tlyons@straussfactor.com

Rhiannon S. Huffman, Esq.
rhuffman@straussfactor.com


*/s/ Patrick K. Cunningham*
Patrick K. Cunningham