UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON A. RICHER,
    Plaintiff,

v.                                                   C.A. No. 15-162-M-PAS

JASON PARMELEE, as the Finance
Director of THE TOWN OF NORTH
SMITHFIELD, THE TOWN OF NORTH
SMITHFIELD, and STEVEN E.
REYNOLDS in his official capacity
as Chief of the NORTH SMITHFIELD
POLICE DEPARTMENT,
    Defendants.

## DEFENDANTS' OBJECTION TO
## PLAINTIFF'S MOTIONS TO COMPEL

Plaintiff filed his original complaint in April 2015 and moved for partial summary judgment on liability on counts I (Rhode Island Firearms Act), II (Right to Keep Arms), III (Fourth Amendment) and IV (Procedural Due Process) of the second amended complaint. Plaintiff did not move for summary judgment on count V (Equal Protection). In January 2016, the Court stayed discovery until the Court issued a decision on Plaintiff's motion for partial summary judgment.

On June 1, 2016, after extensive briefing by the parties and oral argument, the Court issued a decision on Plaintiff's motion. The Court granted Plaintiff's motion with respect to count IV and denied it with respect to counts I-III.

Subsequent to the summary judgment decision, in an effort to avoid unnecessary time and expense, Defense counsel contacted Plaintiff's counsel in order to discuss discovery with respect to the issue of liability. Plaintiff's counsel, however, informed Defense counsel of his intent to pursue discovery (not restricted to liability) on all counts in the second amended complaint

1

except count IV.  Plaintiff has now moved for an order compelling Defendants to respond to interrogatories and requests for production.  Defendants object to Plaintiff's motions to compel.  On Friday July 29, 2016, Plaintiff requested a scheduling conference with the Court.  Defendants join in Plaintiff's request to conference the matter with the Court.[1]

It is Defendants' position that, as a result of the Court's summary judgment decision, counts I-III and Plaintiff's claim for injunctive relief are no longer viable.  Discovery on these matters is unnecessary and a waste of resources and counsel fees.  In view of the Court's decision on the motion for summary judgment, Defendants submit that it is most efficient to proceed to the issue of damages.  Plaintiff's motion to compel should be denied and discovery, limited to the issue of damages, should proceed.

Alternatively, Defendants request that the Court allow them to file a motion for summary judgment.  Defendants contend that a dispositive motion may preclude the need for discovery on any issue other than liability, or at least, significantly restrict it.  If the Court grants Defendants' request to file a motion for summary judgment, Defendants also request that the Court continue the stay on discovery until the Court issues a decision on Defendants' motion.[2]

---

[1] Notwithstanding the grounds noted in this motion, Defendants also object to Plaintiff's multiple discovery requests on other substantive grounds.  Many of Plaintiff's requests, among other things, are overly broad and burdensome, include no time limitations, and lack proportionality.

[2] Defendants recognize that Plaintiff did not move for summary judgment on his equal protection claim.  Plaintiff's equal protection claim and his due process claim are based upon substantially similar allegations.  Even if Plaintiff is ultimately successful on the claim, Plaintiff would be barred from collecting a double recovery for the same injury.  See generally Bogan v. City of Boston, 489 F.3d 417 (1st Cir. 2007) (double awards for the same injury are impermissible).

        Defendants,
        By their attorneys,

*/s/Marc DeSisto*
Marc DeSisto, Esq. (#2757)
DESISTO LAW LLC
211 Angell Street
Providence, RI 02906
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

and

*/s/ Patrick K. Cunningham*
Patrick K. Cunningham, Esq. (#4749)
DESISTO LAW LLC
211 Angell Street
Providence, RI 02906
(401) 272-4442
(401) 272-9937 fax
patrick@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 1st day of August, 2016, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

Thomas W. Lyons, Esq.
tlyons@straussfactor.com

Rhiannon S. Huffman, Esq.
rhuffman@straussfactor.com

*/s/ Marc DeSisto*
Marc DeSisto