UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON A. RICHER,<br>    Plaintiff | :<br>:<br>: |
| v. | :     C.A. No. 15-162 |
| JASON PARMELEE as the Finance Director of<br>THE TOWN OF NORTH SMITHFIELD,<br>TOWN OF NORTH SMITHFIELD, and<br>STEVEN E. REYNOLDS in his official<br>capacity as Chief of the NORTH SMITHFIELD<br>POLICE DEPARTMENT<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
SECOND MOTION TO AMEND THE COMPLAINT

Pursuant to F.R.C.P. 15(a)(2), Plaintiff hereby moves to amend the complaint in the form attached as a Third Amended Verified Complaint. The Rule provides that with respect to such a motion: "The court should freely give leave when justice so requires." As one treatise has said, in such circumstances, "…the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted." Baicker-McKee, Janssen, Corr, Federal Civil Rules Handbook 2016, p. 577 (Thomson Reuters 2016), citing Foman v. Davis, 371 U.S. 178 (1962); see also Hatch v. Department of Children, Youth & Families, 274 F.3d 12, 19 (1st Cir. 2001); Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 127-28 (D.R.I. 2004) (Lagueux, J.) (in civil rights cases, trial court should liberally allow amendments and apply "relation back" doctrine).

The proposed Third Amended Complaint would clarify that Plaintiff brings his claims against Defendants Steven E. Reynolds individually and in his official capacity. It would also add as defendants other officers of the North Smithfield Police Department, both individually and in their official capacities: Tim Lafferty, Stephen Riccitelli, Russell Amato, Glenn

1

Lamoureux, Mark Bergeron, and Gregory Landry.  The Third Amended Complaint would also add claims for violation of the Rhode Island Mental Health Law, R.I.Gen.L. § 40.1-5-1, et seq., as well as common law claims for trover and conversion.

Plaintiff seeks to amend the complaint because of arguments that the existing Defendants made in response to Plaintiff's Motion for Partial Summary Judgment, as well as the Court's Decision respecting that motion.  Specifically, the existing Defendants argued that the actions of the other police officers did not constitute the policies and practices of the North Smithfield Police Department.  (See, e.g., ECF #18, pp. 7, 15; ECF #32, pp. 9-10).  In addition, the existing Defendants have argued that the three-year statute of limitations under R.I.Gen.L. § 9-1-25 bars certain claims against them as a municipality and in their official capacities.  (See ECF #35, p. 8).  However, that statute does not apply to claims against municipal employees.  Herrman v. Fossom, 270 N.W.2d 18, 20 (Minn. 1978) (six year statute of limitation for conversion applies to claims against municipal employees even though one year statute applies to claims against municipality); Crowe v. City of Athens, 733 So.2d 447, 450-51 (Ala.App. 1999) (holding that conversion claim against town employee allowed under six-year statute of limitation but claim against town barred by two-year statute of limitation).

In addition, the Court said that Plaintiff's claims under the Fourth Amendment were barred by the three-year statute of limitations applicable to § 1983 claims.  (ECF #39, p. 14-15). The statute of limitation for trover and conversion is ten years and would apply to those common law claims against the officers individually.  R.I.Gen.L. § 9-1-13(a); Waters v. Walt Disney World Co., 237 F. Supp. 2d 162 (D.R.I. 2002) (conversion claims subject to limitations period in R.I. Gen. Laws § 9-1-13(a)).

2

Lastly, all existing and proposed Defendants violated Plaintiff's rights under the Mental Health Law. The Rhode Island Supreme Court has already recognized that governmental officials may be subject to individual liability for violating this Law. In re Doe, 440 A.2d 712, 716 (R.I. 1982) (Weisberger, J.) ("[T]he failure of public officials to apply promptly for required judicial authorization to commit or retain involuntary patients may give rise to civil liability in the event that such a patient should be wrongfully deprived of his liberty.").

Defendants and proposed Defendants are not prejudiced by this motion as the Court had stayed discovery until it rendered its Decision on the Motion for Partial Summary Judgment. The Court issued that Decision on June 1, 2016. (ECF # 39).

## CONCLUSION

The Court should grant Plaintiff's motion to amend the complaint.

> Respectfully submitted,
> **JASON RICHER**
> By his attorneys,
>
> /s/ Thomas W. Lyons
> Thomas W. Lyons          #2946
> Rhiannon S. Huffman      #8642
> RHODE ISLAND AFFILIATE,
> AMERICAN CIVIL LIBERTIES UNION
> Strauss, Factor, Laing & Lyons
> One Davol Square, Suite 305
> Providence, RI 02903
> (401) 456-0700
> tlyons@straussfactor.com

## **CERTIFICATION**

I hereby certify that on August 2, 2016 a copy of the foregoing was filed and served electronically on all registered CM/ECF users through the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas W. Lyons