UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON A. RICHER,<br>    Plaintiff<br><br>v.<br><br>JASON PARMELEE as the Finance Director of<br>THE TOWN OF NORTH SMITHFIELD,<br>TOWN OF NORTH SMITHFIELD, and<br>STEVEN E. REYNOLDS in his official<br>capacity as Chief of the NORTH SMITHFIELD<br>POLICE DEPARTMENT<br>    Defendants | C.A. No. 15-162 |

PLAINTIFF'S REPLY RESPECTING HIS MOTIONS TO COMPEL

All of Defendants' several arguments for why the Court should not grant Plaintiff's motions to compel violate the Federal Rules of Civil Procedure. Notably, Defendants cite not a scintilla of authority for their arguments, because there is none.

Plaintiff's first argument is essentially that the Court's June 1, 2016 Decision on Plaintiff's Motion for Partial Summary Judgment constitutes a *sua sponte* grant of summary judgment against Plaintiff to the extent the Court denied the motion. While the Court may grant summary judgment on its own initiative, it must give the parties notice that it is considering this. F.R.Civ.P. 56(f). Here, the Court did not give the parties any such notice. Accordingly, it would be reversible error to grant summary judgment *sua sponte* against Plaintiff on the claims on which the Court denied the Motion. Redondo Const. Corp. v. Izuqierdo, 746 F.3d 21, 39-30 (1st Cir. 2014) (*sua sponte* summary judgment reversed where district court failed to give targeted party notice); (Well Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey Partnership, S.E., 615 F.3d 45, 52 (1st Cir. 2010) ("Well Real Estate") (same); see also, Chute v. Walker, 281 F.3d 314,

1

319 (1st Cir. 2002) (*sua sponte* dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint).

Plaintiff's second argument is that the Court should permit Defendants to move for summary judgment without permitting Plaintiff to conduct any discovery.  Here, the only discovery that has occurred is one set of requests for admission that Plaintiff served on Defendants and to which Defendants responded on October 13, 2015.  On December 21, 2015, the Court noticed a scheduling conference for January 7, 2016.  Plaintiff served interrogatories and a document request on Defendants on December 23, 2015.  On January 7, 2016, the Court held a scheduling conference and entered the scheduling order setting the close of fact discovery for June 30, 2016.  However, the Court stayed discovery on January 29, 2016 pending its decision on Plaintiff's Motion for Partial Summary Judgment.[1]  The Court issued that Decision on June 1st.  On June 13th, Plaintiff requested that Defendants respond to the outstanding discovery but they have not done so.   Plaintiff has never received responses to that discovery or any other discovery other than the requests for admission.  Essentially, there has been almost no discovery in this case.

In these circumstances, it would also be reversible error for the Court to deny Plaintiff discovery while considering Defendants' proposed summary judgment motion.  See, F.R.Civ.P. 56(d); Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996) ("a district court ordinarily may order summary judgment on its own initiative only when discovery is sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean the material facts."); Brown v Mississippi Valley State University, 311 F.3d 328, 333-34 (5th Cir. 2002) (summary

---

[1] Discovery had essentially been stayed earlier in 2015 while Magistrate Judge Sullivan attempted to settle the case.

judgment reversed where discovery had been stayed prior to grant of summary judgment motion); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (summary judgment is appropriate if there has been "adequate time for discovery"); Nieto-Vicenty v. Valledor, 984 F.Supp.2d 14, 17 (D.P.R. 2013) (defendants' summary judgment motion denied as premature where plaintiff had not had adequate time in which to conduct discovery).

Defendants also state in a footnote that they object to Plaintiff's discovery on "substantive" grounds. (ECF # 42, p. 2, 1). However, the Federal Rules and case law require that Defendants either serve those objections or move for a protective order within the appropriate term period. See, F.R.Civ.P. 33(b)(2) ("The responding party must serve its answer and any objections within 30 days after being served with the interrogatories."), F.R.Civ.P. 34(b)(2)(A), F.R.Civ.P. 26(c); see, Drutis v. Rand McNally & Co., 236 F.R.D. 325, 337 (E.D.Ken. 2006) (objections to requests for production are waived if not asserted within the time required); Ayers v. Continental Cas. Co., 240 F.R.D. 216, 221 (N.D.W.V. 2007) ("Motions for protective order must be made before or on the date the discovery is due."); Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 129 F.R.D 483, 487 (D.N.J. 1990) (motion for protective order must be timely made).

Here, discovery was stayed until the June 1st Decision. Thus, Defendant's objections or motion were due by July 1st, at the latest. Plaintiff requested the discovery responses on June 13th. However, it is now more than 30 days after the responses were due, more than 45 days after Plaintiff requested the responses, and Defendants have neither served objections nor filed a motion for a protective order. Any such "substantive" objections are waived. F.R.Civ.P. 33(b)(4); see Ormeno v. 3624 Georgia Avenue, Inc., 309 F.R.D. 29, 32 (D.D.C. 2015) (defendants waived their objections to interrogatories by not asserting them within 30 days);

3

Wynmoor Comty. Council, Inc. v. QBE Ins. Corp., 280 F.R.D. 547, 549 (S.D.Fla. 2012) (plaintiff's waived objections to request for production by untimely response).

Finally, Plaintiff notes he has moved to amend the complaint to address various reasons the Court raised to deny parts of his Motion.  The Court should allow that amendment and permit Plaintiff to proceed on his amended complaint, including relevant discovery.  See, Hatch v. Department for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (motion to amend made before summary judgment motion filed should be liberally granted); McDonald v. Hall, 579 F.2d 120, 122 (1st Cir. 1978) (summary judgment vacated where district court denied motion to amend without explanation)

CONCLUSION

The Court should grant Plaintiff's motions to compel.

Respectfully submitted,
**JASON RICHER**
By his attorneys,

/s/ Thomas W. Lyons
Thomas W. Lyons         #2946
Rhiannon S. Huffman     #8642
RHODE ISLAND AFFILIATE,
AMERICAN CIVIL LIBERTIES UNION
Strauss, Factor, Laing & Lyons
One Davol Square, Suite 305
Providence, RI 02903
(401) 456-0700
tlyons@straussfactor.com

**CERTIFICATION**

I hereby certify that on August 2, 2016 a copy of the foregoing was filed and served electronically on all registered CM/ECF users through the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas W. Lyons