UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON A. RICHER,<br>      Plaintiff,<br><br>v.<br><br>JASON PARMELEE as the Finance Director of the Town of North Smithfield, TOWN OF NORTH SMITHFIELD, and STEVEN E. REYNOLDS in his official capacity as Chief of the North Smithfield Police Department,<br>      Defendants. | C. A. No. 15-162-M-PAS |

## JURY INSTRUCTIONS

### I. GENERAL INSTRUCTIONS

Now that you have heard all of the evidence and the arguments of counsel, it is my job to instruct you on the law that is applicable to this case.

I will send a written copy of my instructions into the jury room.

### A. PROVINCE OF THE COURT AND JURY

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts of the case, as you determine those facts to be from the evidence in this case. You are not to be concerned with the wisdom of any rule of law stated by me. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Further, nothing I say in these instructions and nothing that I have said or done during the trial is to be taken as an indication that I have any opinion about the facts of the case. I do not. It is not my role to determine the facts; that is your role.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties — and the law — expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. All parties are entitled to the same fair trial at your hands. All parties stand equal before the law, and are to be dealt with as equals in a court of justice.

### B. EVIDENCE IN THE CASE

In determining the facts of this case, you are to consider only the evidence that has been properly put before you. That evidence consists of the sworn testimony of the witness and the exhibits that have been received into evidence.

The fact that the Court admitted evidence over objection should not influence you in determining the weight you should give such evidence. Nor should statements made by counsel, either for or against the admission of such evidence, influence your determination of the weight you will give the evidence, if the evidence was admitted.

Certain things are not evidence, and you may not consider them in deciding what the facts are.

1. Arguments and statements by lawyers are not evidence.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

C. CREDIBILITY OF WITNESSES

There was only one witness in this case. You are the sole judges of the credibility of that witness and the weight his testimony deserves. In deciding the facts of this case, you may have to decide whether or not to believe a witness's testimony. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things that witness testified about;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice the witness may have; and

5. the reasonableness of the witness' testimony in light of all the evidence.

After making your own judgment, you may believe everything a witness says, or part of it, or none of it at all.

### D.   EVIDENCE – DIRECT AND CIRCUMSTANTIAL

There are two types of evidence from which you may properly find the facts of this case. One is direct evidence – such as the testimony of an eyewitness. The other is indirect or circumstantial evidence – that is, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

In your consideration of the evidence in this case, you are allowed to make reasonable inferences from witness testimony and the admitted exhibits. Inferences are deductions that reason and common sense lead you to draw from facts that have been established by the evidence in this case. Inferences, however, may not be based on pure speculation or conjecture.

### E.   BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Mr. Richer has the burden of proving each and every element of his claim for damages by a preponderance of the evidence, which is another way of saying that he must prove them by the greater weight of the evidence. To put it another way, you must be satisfied that the evidence shows that what Mr. Richer is claiming as damages is more probably true than not. The Town does not have to disprove that which is asserted by Mr. Richer.

4

## II. CASE SPECIFIC INSTRUCTIONS

The purpose of a compensatory damage award is to put a plaintiff in as good a position monetarily as he was in before the damage occurred. Mr. Richer seeks compensatory damages from the Town for the loss of use of his guns and the cost of repair and/or replacement for any damage done to his guns while in the North Smithfield Police Department's possession. He also seeks damages for emotional pain and suffering he experienced as a result of the due process violation.

The issue for you to determine is what amount of compensatory damages should be awarded to Mr. Richer. Again, the issue of liability is not before you. By discussing damages with you, I am not implying that Mr. Richer is entitled to damages. That is a determination that you must make in the course of your deliberations.

Compensatory damages are composed of economic loss and mental suffering. To recover economic damages, Mr. Richer must prove out-of-pocket losses and other economic harm that he has experienced. To recover for mental suffering, you may consider injuries to reputation, personal humiliation, and mental anguish and suffering. Mental suffering may include nervousness, anxiety, worry, shock, humiliation, embarrassment, or indignity. While it is difficult to measure this in terms of money, you may not speculate or guess. Any award must be based on the evidence and what your considered judgment constitutes fair and adequate compensation for any mental suffering that has been proved. This determination of what amount, if any you award is solely to be made by you.

If you decide to award damages in this case, you may not award compensatory damages merely for the violation of a constitutional right. Rather, to recover damages for the constitutional injury, Mr. Richer must prove actual injury.

In your analysis of the question of damages, you may not consider your perception of any bad or good intent on behalf of the North Smithfield Police Department in the manner in which the guns were held for the period in question. Whether you perceive bad or good intent, the actual injury, if any, is the same. The question for you to decide is not the intent of the North Smithfield Police Department, but the value, if any, of Mr. Richer's actual injury as a result of the Fourteenth Amendment Due Process violation.

If you have determined that Mr. Richer should be awarded compensatory damages, you must also decide whether to award interest on that amount. The Defendants' refusal to return Mr. Richer's firearms dates back to September 2008, and you may award interest on the sum which you have decided is an appropriate compensatory damage award, from that time to the present. Whether you do award interest should depend upon whether you conclude that interest is necessary to fully compensate Mr. Richer for any injury suffered. It is entirely up to you to determine the appropriate interest rate and amount of any prejudgment interest you decide to award.

## III.   FINAL PROCEDURAL INSTRUCTIONS

Ladies and gentlemen, in a moment I will dismiss you so that you may commence your deliberations. However, before I do that, I need to give you some

instructions about the procedures you must use in the course of your deliberations.

As I said at the beginning of my instructions, you must not allow prejudice, sympathy, or compassion to influence you in the course of your deliberations. That does not mean that you should approach this case in an intellectual vacuum. You are not required to put aside your experiences and observations in the ordinary, everyday affairs of life. Indeed, your experiences and observations in the ordinary, everyday affairs of life are essential to your exercise of reasonably sound judgment and discretion in the course of your deliberations; and it is your right and duty to consider the evidence in light of such experience and observations. But you must not allow prejudice, sympathy, or compassion to cloud your examination of the evidence or influence your determination of the facts.

During your deliberations, you must not communicate with or provide any information to anyone outside of the jury room by any means about this case. You may not use any electronic device or media, such as a cell phone, a tablet, or a computer. You may not communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You can only discuss the case in the jury room with your fellow jurors during deliberations.

Now, in order for you to return a final verdict, your decision must be unanimous. That means that you cannot return a verdict unless and until all eight of you are in agreement as to the verdict.

In the course of your deliberations and in your consideration of the evidence, you should exercise reasonable and intelligent judgment.

I am designating juror #X, [Insert Name], as the Foreperson of this jury. [Mr./Mrs./Ms. Last Name], it will be your responsibility to organize the group and facilitate organized and healthy deliberations. The Foreperson's opinion, voice, or vote, however, is no more meaningful than any other juror.

When you are in the jury room, you will be provided with the evidence that has been admitted in this case. It may take us a few minutes to gather it up, but as soon as we do, it will be brought to the jury room.

You will also be given a verdict form. When you have reached a verdict, the Foreperson will fill out that form and sign it. Once the verdict form is complete, you will inform the Court Security Officer.

[REVIEW OF VERDICT FORM]

If, in the course of your deliberations, you deem it necessary to be further instructed or assisted by the Court in any way, the Foreperson should reduce such request or question to writing, sign it, and give it to the Court Security Officer in whose charge you will now be placed. The Court Security Officer will then bring such written request to me and I, in consultation with the attorneys, will determine an appropriate response. Other than this method, please do not attempt to communicate privately or in any other way with the Court or with anyone outside the jury room.